IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **CARLOS E. MORAL, et al,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**PHH MORTGAGE CORPORATION** *et al.*, )<br>)<br>**Defendants.** ) | Case No. 6:21-CV-01070-HLT-TJJ |

**OCWEN LOAN SERVICING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiffs Carlos E. Moral and Julie K. Moral's ("Morals" or "Plaintiffs") Complaint (the "Complaint"), Defendant Ocwen Loan Servicing, LLC ("Ocwen") states as follows:

**INTRODUCTION**

1. Ocwen states that the allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed required, Ocwen denies the allegations of Paragraph 1.

**PARTIES**

2. Upon information and belief, admit.

3. Ocwen denies PHH Mortgage Corporation is a New Jersey corporation. Ocwen admits the remainder of the allegations in Paragraph 3.

4. Ocwen admits it was a Delaware limited liability company prior to its merger with PHH Mortgage Corporation on June 1, 2019. Ocwen denies it was not authorized to transact business in Kansas while it was in existence. Ocwen admits the remainder of the allegations in Paragraph 4.

5. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies the same.

6. Ocwen states that defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-SP3, incorrectly named as "Bank of New York Mellon Trust Company, National Association" is not required to register to do business in the State of Kansas. Ocwen states that the remainder of the allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response may be required, Ocwen denies any allegations inconsistent with applicable law.

7. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 7, and therefore denies the same.

## JURISDICTION

8. Upon information and belief, admit.

9. Upon information and belief, admit.

10. Upon information and belief, admit.

11. Upon information and belief, admit.

## STATEMENT OF FACTS

12. Ocwen states that the allegations of Paragraph 12 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

13. Upon information and belief, admit.

14. Ocwen states that the allegations of Paragraph 14 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

15. Ocwen states that the allegations of Paragraph 15 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

16. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 16, and therefore denies the same.

17. Ocwen states that the allegations of Paragraph 17 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

18. Ocwen states that the allegations of Paragraph 18 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

19. Ocwen admits that Homecomings Financial Network, Inc. was a prior servicer of the Loan. Ocwen lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 19, and therefore denies the same.

20. Ocwen admits it serviced the Loan from February 16, 2013 until it merged with PHH Mortgage Corporation on June 1, 2019. Ocwen states the remainder of Paragraph 20 is a legal conclusion to which no response is required. To the extent a response may be required, Ocwen denies any allegations inconsistent with applicable law.

21. Denied.

22. Ocwen states that the allegations of Paragraph 22 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

23. Ocwen admits it and PHH Mortgage Corporation merged on June 1, 2019 and admits PHH Mortgage Corporation assumed servicing of the Loan at that time. Ocwen denies the remainder of the allegations in Paragraph 23.

24. Ocwen admits Plaintiffs did not make all mortgage payments when due and admits the Loan has been in foreclosure at various times. Ocwen lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 24, and therefore denies the same.

25. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 25, and therefore denies the same.

26. Ocwen denies PHH Mortgage Corporation refused to provide Plaintiffs with a loan payoff statement. Ocwen lacks sufficient information to admit or deny the remainder of the allegations in Paragraph 26 and therefore denies the same.

27. Ocwen admits Plaintiffs submitted online payments to PHH Mortgage Corporation and admits there is a limit of $25,000 per day for that type of payment. Ocwen lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 27, and therefore denies the same.

28. Ocwen admits PHH Mortgage Corporation received a letter from the Kansas State Office of the Banking Commissioner. Ocwen denies the remainder of the allegations in Paragraph 28.

29. Ocwen admits the Loan was paid in full and admits payment in full resulted in a lien release. Ocwen denies the remainder of the allegations in Paragraph 29.

30. Ocwen admits plaintiff Carlos Moral contacted PHH Mortgage Corporation by phone at various times. Ocwen lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 30, and therefore denies the same.

31. Ocwen states that, upon information and belief, PHH Mortgage Corporation's records do not reflect a call from plaintiff Carlos Moral on January 19, 2021 or email communication between Mr. Moral and "Tom". Ocwen admits PHH Mortgage Corporation sent the lien release to Mr. Moral in February 2021. Ocwen denies the remainder of the allegations in Paragraph 31.

32. Ocwen states that the allegations of Paragraph 32 of the Complaint are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

33. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint, and therefore denies the same.

34. Ocwen states that the allegations of Paragraph 34 of the Complaint are based on a written documents that speak for themselves. Ocwen denies any characterizations or mischaracterizations of the written documents.

35. Ocwen states that, upon information and belief, PHH Mortgage Corporation's records do not reflect communication between Mr. Moral and "Tom". Ocwen admits PHH Mortgage Corporation prepared a lien release. Ocwen denies the remainder of the allegations in Paragraph 35.

36. Upon information and belief, Ocwen admits PHH Mortgage Corporation was contacted by Mr. Moral at various times regarding the lien release. Ocwen denies the remainder of the allegations in Paragraph 36.

37. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 37, and therefore denies the same.

38. Ocwen denies any fraud occurred. Ocwen lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 38, and therefore denies the same.

39. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 39, and therefore denies the same.

40. Ocwen denies there was a defective release. Ocwen states that the remainder of the allegations of Paragraph 40 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

41. Ocwen states that the allegations of Paragraph 41 are based on written documents that speak for themselves. Ocwen denies any characterizations or mischaracterizations of the written documents.

42. Ocwen states that the allegations of Paragraph 42 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

43. Ocwen states that the allegations of Paragraph 43 are based on a written document that speaks for itself. Ocwen denies any characterizations or mischaracterizations of the written document.

44. Ocwen lacks sufficient information to admit or deny the allegations of Paragraph 44, and therefore denies the same.

45. Ocwen denies any allegations of forgery. Ocwen lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 45, and therefore denies the same.

## **CLAIMS FOR RELIEF**

## COUNT 1: Violations of RESPA

46. Ocwen incorporates its answers above as if fully set forth below.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, having fully answered Count I, Ocwen requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## COUNT 2: Slander of Title

53. Ocwen incorporates its answers above as if fully set forth below.

54. Denied.

55. Ocwen admits PHH Mortgage Corporation is the current servicer of the Loan. Ocwen denies the remainder of the allegations in Paragraph 55.

56. Denied.

WHEREFORE, having fully answered Count II, Ocwen requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. One or more counts of the Complaint fail to state a claim on which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3. Ocwen's liability for Plaintiffs' claims, if any, is reduced by the doctrines of comparative negligence or contributory fault. At all times, the actions of Ocwen were based on business justifications and were made in good faith.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, statutes of frauds, failure to mitigate alleged damages, acquiescence, mistake, release, accord, and laches.

5. Plaintiffs' claims are barred because Ocwen's conduct was at all times undertaken in good faith.

6. Plaintiffs' claims are barred because there is no causal relationship between any injury Plaintiffs alleged they suffered and any act of Ocwen.

7. Any damages Plaintiffs suffered were caused by the conduct of others and not by Ocwen.

8. Plaintiffs are not entitled to any relief because they did not suffer damages as the result of any act or omission of Ocwen.

9. Plaintiffs' claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

10. Ocwen never employed conduct that was intentional, willful, wanton, or malicious and never showed a complete indifference to or a conscious disregard of any rights such that Ocwen would be liable for punitive damages.

11. Plaintiffs' claim for punitive damages is unconstitutional as it is in violation of Ocwen's rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and same or similar guarantees of the Constitution of the State of Kansas, and amount to an improper fine and/or penalty against Ocwen and should be dismissed.

12. Ocwen reserves the right to add to or modify the defenses it has asserted to the Complaint as this matter proceeds.

WHEREFORE, having fully answered the Complaint, Ocwen requests an order of the Court dismissing the case or, alternatively, granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Eric D. Martin*
Eric D. Martin, MO #47558
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
eric.martin@bclplaw.com

and

William J. Easley, MO #70041
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone:  (816) 374-3200
Facsimile:  (816) 374-3300
will.easley@bclplaw.com

ATTORNEYS FOR DEFENDANT OCWEN
LOAN SERVICING, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:


        /s *Eric D. Martin*        
Attorney for Defendant Ocwen