# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| CARLOS E. MORAL, et al, | ) |
| Plaintiffs, | ) |
| | ) Case No. 6:21-CV-01070-HLT-TJJ |
| v. | ) |
| PHH MORTGAGE CORPORATION *et al.*, | ) |
| Defendants. | ) |

## PHH MORTGAGE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiffs Carlos E. Moral and Julie K. Moral's ("Morals" or "Plaintiffs") Complaint (the "Complaint"), Defendant PHH Mortgage Corporation ("PHH") states as follows:

## INTRODUCTION

1. PHH states that the allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed required, PHH denies the allegations of Paragraph 1.

## PARTIES

2. Upon information and belief, admit.

3. PHH denies it is a New Jersey corporation. PHH admits the remainder of the allegations in Paragraph 3.

4. PHH admits Ocwen Loan Servicing, LLC was a Delaware limited liability company prior to its merger with PHH on June 1, 2019. PHH denies Ocwen was not authorized to transact business in Kansas while it was in existence. PHH admits the remainder of the allegations in Paragraph 4.

5. PHH lacks sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies the same.

6. PHH states that defendant Bank of New York Mellon Trust Company, National Association is not required to register to do business in the State of Kansas. PHH states the correct, full name of the entity is The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-SP3. PHH states that the remainder of the allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response may be required, PHH denies any allegations inconsistent with applicable law.

7. PHH lacks sufficient information to admit or deny the allegations of Paragraph 7, and therefore denies the same.

## JURISDICTION

8. Upon information and belief, admit.

9. Upon information and belief, admit.

10. Upon information and belief, admit.

11. Upon information and belief, admit.

## STATEMENT OF FACTS

12. PHH states that the allegations of Paragraph 12 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

13. Upon information and belief, admit.

14. PHH states that the allegations of Paragraph 14 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

15. PHH states that the allegations of Paragraph 15 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

16. PHH lacks sufficient information to admit or deny the allegations of Paragraph 16, and therefore denies the same.

17. PHH states that the allegations of Paragraph 17 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

18. PHH states that the allegations of Paragraph 18 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

19. PHH admits that Homecomings Financial Network, Inc. was a prior servicer of the Morals' loan. PHH lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 19, and therefore denies the same.

20. PHH admits Ocwen Loan Servicing, LLC serviced the Loan from February 16, 2013 until it merged with PHH on June 1, 2019. PHH states the remainder of Paragraph 20 is a legal conclusion to which no response is required. To the extent a response may be required, PHH denies any allegations inconsistent with applicable law.

21. Denied.

22. PHH states that the allegations of Paragraph 22 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

23. PHH admits it and Ocwen merged on June 1, 2019 and admits it assumed servicing of the Loan. PHH denies the remainder of the allegations in Paragraph 23.

24. PHH admits Plaintiffs did not make all mortgage payments when due and admits the Loan has been in foreclosure at various times. PHH lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 24, and therefore denies the same.

25. PHH lacks sufficient information to admit or deny the allegations of Paragraph 25, and therefore denies the same.

26. PHH denies it refused to provide Plaintiffs with a loan payoff statement. PHH lacks sufficient information to admit or deny the remainder of the allegations in Paragraph 26 and therefore denies the same.

27. PHH admits Plaintiffs submitted online payments and admits there is a limit of $25,000 per day permitted for that type of payment. PHH lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 27, and therefore denies the same.

28. PHH admits it received a letter from the Kansas State Office of the Banking Commissioner. PHH denies the remainder of the allegations in Paragraph 28.

29. PHH admits the Loan was paid in full and admits payment in full resulted in a lien release. PHH denies the remainder of the allegations in Paragraph 29.

30. PHH admits plaintiff Carlos Moral contacted PHH by phone at various times. PHH lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 30 of the Complaint, and therefore denies the same.

31. PHH's records do not reflect a call from plaintiff Carlos Moral on January 19, 2021 or email communication between Mr. Moral and "Tom". PHH admits it sent the lien release to Mr. Moral in February 2021. PHH denies the remainder of the allegations in Paragraph 31.

32. PHH states that the allegations of Paragraph 32 of the Complaint are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

33. PHH lacks sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint, and therefore denies the same.

34. PHH states that the allegations of Paragraph 34 of the Complaint are based on a written documents that speak for themselves. PHH denies any characterizations or mischaracterizations of the written documents.

35. PHH's records do not reflect communication between Mr. Moral and "Tom". PHH admits a lien release was prepared. PHH denies the remainder of the allegations in Paragraph 35.

36. PHH admits it was contacted by Mr. Moral at various times regarding the lien release. PHH denies the remainder of the allegations in Paragraph 36.

37. PHH lacks sufficient information to admit or deny the allegations of Paragraph 37, and therefore denies the same.

38. PHH denies any fraud occurred. PHH lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 38, and therefore denies the same.

39. PHH lacks sufficient information to admit or deny the allegations of Paragraph 39, and therefore denies the same.

40. PHH denies there was a defective release. PHH states that the remainder of the allegations of Paragraph 40 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

41. PHH states that the allegations of Paragraph 41 are based on written documents that speak for themselves. PHH denies any characterizations or mischaracterizations of the written documents.

42. PHH states that the allegations of Paragraph 42 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

43. PHH states that the allegations of Paragraph 43 are based on a written document that speaks for itself. PHH denies any characterizations or mischaracterizations of the written document.

44. PHH lacks sufficient information to admit or deny the allegations of Paragraph 44, and therefore denies the same.

45. PHH denies any allegations of forgery. PHH lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 45, and therefore denies the same.

## CLAIMS FOR RELIEF

### COUNT 1: Violations of RESPA

46. PHH incorporates its answers above as if fully set forth below.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, having fully answered Count I, PHH requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## COUNT 2: Slander of Title

53. PHH incorporates its answers above as if fully set forth below.

54. Denied.

55. PHH admits it is the current servicer of the Loan. PHH denies the remainder of the allegations in Paragraph 55.

56. Denied.

WHEREFORE, having fully answered Count II, PHH requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. One or more counts of the Complaint fail to state a claim on which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3. PHH's liability for Plaintiffs' claims, if any, is reduced by the doctrines of comparative negligence or contributory fault. At all times, the actions of PHH were based on business justifications and were made in good faith.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, statutes of frauds, failure to mitigate alleged damages, acquiescence, mistake, release, accord, and laches.

5. Plaintiffs' claims are barred because PHH's conduct was at all times undertaken in good faith.

6. Plaintiffs' claims are barred because there is no causal relationship between any injury Plaintiffs alleged he suffered and any act of PHH.

7. Any damages Plaintiffs suffered were caused by the conduct of others and not by PHH.

8. Plaintiffs are not entitled to any relief because they did not suffer damages as the result of any act or omission of PHH.

9. Plaintiffs' claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

10. Plaintiffs' claims for attorneys' fees are barred because he is not entitled to such attorneys' fees under an applicable contract or statute as required under Kansas law.

11. PHH never employed conduct that was intentional, willful, wanton, or malicious and never showed a complete indifference to or a conscious disregard of any rights such that PHH would be liable for punitive damages.

12. Plaintiffs' claim for punitive damages is unconstitutional as it is in violation of PHH's rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and same or similar guarantees of the Constitution of the State of Kansas, and amount to an improper fine and/or penalty against PHH and should be dismissed.

13. PHH reserves the right to add to or modify the defenses it has asserted to the Complaint as this matter proceeds.

WHEREFORE, having fully answered the Complaint, PHH requests an order of the Court dismissing the case or, alternatively, granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Eric D. Martin*
    Eric D. Martin, MO #47558
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, Missouri 63102
    Telephone: (314) 259-2000
    Facsimile: (314) 259-2020
    eric.martin@bclplaw.com

and

William J. Easley, MO #70041
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
will.easley@bclplaw.com

ATTORNEYS FOR DEFENDANT PHH MORTGAGE CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

        */s Eric D. Martin*
        Attorney for Defendant PHH