## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **CARLOS E. MORAL, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 6:21-CV-01070-HLT-TJJ** |
| **v.** ) | |
| ) | |
| **PHH MORTGAGE CORPORATION** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

### THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC. MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-SP3'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiffs Carlos E. Moral and Julie K. Moral's ("Morals" or "Plaintiffs") Complaint (the "Complaint"), Defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-SP3, incorrectly named as Bank of New York Mellon Trust Company, National Association" ("BONY") states as follows:

### INTRODUCTION

1.      BONY states that the allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed required, BONY denies the allegations of Paragraph 1.

### PARTIES

2.      Upon information and belief, admit.

3.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 3, and therefore denies the same.

4.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 4, and therefore denies the same.

5.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies the same.

6.      BONY states it is not required to register to do business in the State of Kansas. BONY states that the remainder of the allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response may be required, BONY denies any allegations inconsistent with applicable law.

7.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 7, and therefore denies the same.

## JURISDICTION

8.      Upon information and belief, admit.

9.      Upon information and belief, admit.

10.     Upon information and belief, admit.

11.     Upon information and belief, admit.

## STATEMENT OF FACTS

12.     BONY states that the allegations of Paragraph 12 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

13.     Upon information and belief, admit.

14.     BONY states that the allegations of Paragraph 14 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

15.     BONY states that the allegations of Paragraph 15 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

16.     BONY lacks sufficient information to admit or deny the allegations of Paragraph 16, and therefore denies the same.

17.     BONY states that the allegations of Paragraph 17 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

18.     BONY states that the allegations of Paragraph 18 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

19.     BONY admits that Homecomings Financial Network, Inc. was a prior servicer of the Loan. BONY lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 19, and therefore denies the same.

20.     BONY admits Ocwen Loan Servicing, LLC serviced the Loan from February 16, 2013 until it merged with PHH Mortgage Corporation on June 1, 2019. BONY states the remainder of Paragraph 20 is a legal conclusion to which no response is required. To the extent a response may be required, BONY denies any allegations inconsistent with applicable law.

21.     Denied.

22.     BONY states that the allegations of Paragraph 22 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

23.     BONY admits PHH Mortgage Corporation and Ocwen Loan Servicing, LLC merged on June 1, 2019 and admits PHH Mortgage Corporation assumed servicing of the Loan. BONY denies the remainder of the allegations in Paragraph 23.

24.     BONY admits Plaintiffs did not make all mortgage payments when due and admits the Loan has been in foreclosure at various times. BONY lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 24, and therefore denies the same.

25.     BONY lacks sufficient information to admit or deny the allegations of Paragraph 25, and therefore denies the same.

26.     BONY denies PHH Mortgage Corporation refused to provide Plaintiffs with a loan payoff statement. BONY lacks sufficient information to admit or deny the remainder of the allegations in Paragraph 26 and therefore denies the same.

27.     BONY lacks sufficient information to admit or deny the allegations of Paragraph 27, and therefore denies the same.

28.     BONY lacks sufficient information to admit or deny the allegations of Paragraph 28, and therefore denies the same.

29.     BONY admits the Loan was paid in full. BONY lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 29, and therefore denies the same.

30.     BONY lacks sufficient information to admit or deny the allegations of Paragraph 30, and therefore denies the same.

31.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 31, and therefore denies the same.

32.      BONY states that the allegations of Paragraph 32 of the Complaint are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

33.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 33, and therefore denies the same.

34.      BONY states that the allegations of Paragraph 34 of the Complaint are based on a written document that speak for itself. BONY denies any characterizations or mischaracterizations of the written documents.

35.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 35, and therefore denies the same.

36.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 36, and therefore denies the same.

37.      BONY's records do not reflect that any of its representatives spoke with Plaintiffs. BONY lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 37, and therefore denies the same.

38.      BONY's records do not reflect that any of its representatives spoke with Plaintiffs. BONY therefore denies the allegations of Paragraph 38.

39.      BONY lacks sufficient information to admit or deny the allegations of Paragraph 39, and therefore denies the same.

40.     BONY denies there was a defective release. BONY states that the remainder of the allegations of Paragraph 40 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

41.     BONY states that the allegations of Paragraph 41 are based on written documents that speak for themselves. BONY denies any characterizations or mischaracterizations of the written documents.

42.     BONY states that the allegations of Paragraph 42 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

43.     BONY states that the allegations of Paragraph 43 are based on a written document that speaks for itself. BONY denies any characterizations or mischaracterizations of the written document.

44.     BONY lacks sufficient information to admit or deny the allegations of Paragraph 44, and therefore denies the same.

45.     BONY denies any allegations of forgery. BONY lacks sufficient information to admit or deny the remainder of the allegations of Paragraph 45, and therefore denies the same.

## CLAIMS FOR RELIEF

### COUNT 1:  Violations of RESPA

46.     BONY incorporates its answers above as if fully set forth below.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

WHEREFORE, having fully answered Count I, BONY requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## **COUNT 2:  Slander of Title**

53.     BONY incorporates its answers above as if fully set forth below.

54.     Denied.

55.     BONY admits PHH Mortgage Corporation is the current servicer of the Loan. BONY denies the remainder of the allegations in Paragraph 55.

56.     Denied.

WHEREFORE, having fully answered Count II, BONY requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

1.     One or more counts of the Complaint fail to state a claim on which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3.     BONY's liability for Plaintiffs' claims, if any, is reduced by the doctrines of comparative negligence or contributory fault. At all times, the actions of BONY were based on business justifications and were made in good faith.

4.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, statutes of frauds, failure to mitigate alleged damages, acquiescence, mistake, release, accord, and laches.

5.     Plaintiffs' claims are barred because BONY's conduct was at all times undertaken in good faith.

6.     Plaintiffs' claims are barred because there is no causal relationship between any injury Plaintiffs alleged he suffered and any act of BONY.

7.     Any damages Plaintiffs suffered were caused by the conduct of others and not by BONY.

8.     Plaintiffs are not entitled to any relief because they did not suffer damages as the result of any act or omission of BONY.

9.     Plaintiffs' claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

10.    BONY never employed conduct that was intentional, willful, wanton, or malicious and never showed a complete indifference to or a conscious disregard of any rights such that BONY would be liable for punitive damages.

11.    Plaintiffs' claim for punitive damages is unconstitutional as it is in violation of BONY's rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and same or similar guarantees of the Constitution of the State of Kansas, and amount to an improper fine and/or penalty against BONY and should be dismissed.

12.    BONY reserves the right to add to or modify the defenses it has asserted to the Complaint as this matter proceeds.

WHEREFORE, having fully answered the Complaint, BONY requests an order of the Court dismissing the case or, alternatively, granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Eric D. Martin*
     Eric D. Martin, MO #47558
     One Metropolitan Square
     211 North Broadway, Suite 3600
     St. Louis, Missouri 63102
     Telephone:  (314) 259-2000
     Facsimile:  (314) 259-2020
     eric.martin@bclplaw.com

     and

     William J. Easley, MO #70041
     1200 Main Street, Suite 3800
     Kansas City, Missouri 64105
     Telephone:  (816) 374-3200
     Facsimile:  (816) 374-3300
     will.easley@bclplaw.com

     ATTORNEYS FOR DEFENDANT BONY

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

     /s *Eric D. Martin*
     Attorney for Defendant PHH