IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARLOS E. MORAL, et al.** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**PHH MORTGAGE CORPORATION,** )<br>**et al.,** )<br>**Defendants.** ) | Case No. 6:21-CV-01070-HLT-TJJ |

**MEMORANDUM IN SUPPORT OF DEFENDANT
JPMORGAN CHASE &CO.'s MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

Defendant JPMorgan Chase & Co. ("Chase & Co."), pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), moves to dismiss Carlos and Julie Moral's (the "Plaintiffs") Complaint as to Chase & Co. for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement.

**STATEMENT OF FACTS AS ALLEGED BY PLAINTIFF[1]**

Plaintiffs' Complaint alleges generally, violations of the Real Estate Settlement Procedures Act ("RESPA") and slander of title based on allegations of forged lien releases. *See* Complaint, generally. Plaintiffs do not allege a RESPA claim against Chase & Co. Rather, Plaintiffs allege "each of the above-captioned defendants have acted in some capacity as either servicers or holders of the note" to slander Plaintiffs' title and "shoulder varied amounts of responsibility for the circumstances that have acted to impair the value of the [Plaintiffs'] property." *See* Complaint ¶55. However, Defendant Chase & Co. is only referenced once in the body of the Complaint. Plaintiffs' sole factual allegation against Chase & Co. is:

---

[1] Chase & Co. must assume Plaintiffs' fact allegations are true solely for the purposes of this motion, even if doubtful. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

16.     Bank One subsequently merged with JPMorgan Chase & Co. in July of 2004, and later events indicate that the the [sic]note securing the mortgage was placed in the possession of the banking entity born from that merger, JPMorgan Chase Bank N.A.

*See* Complaint, ¶ 16. Chase & Co. is not mentioned again. Chase & Co. is not the same entity as JPMorgan Chase Bank, N.A., ("Chase Bank") as Plaintiffs' readily acknowledge. *Id.* Plaintiffs do not allege Chase & Co. serviced or held the Plaintiffs' note. In fact, the Plaintiffs allege that if the note was ever held by a Chase-related entity, it was held by Chase Bank and not by Chase & Co.  *Id.* Thus, the only allegation in the Complaint against Chase & Co. is that Chase & Co. may have owned an entity that may have held the Plaintiffs' note sometime between 2004 and 2009. *See* Complaint, ¶¶ 16-17.  Plaintiffs did not name Chase Bank as a defendant and to do so would be futile. The Complaint makes no allegations against either Chase & Co. or Chase Bank related to Plaintiffs' 2020-2021 payments or alleged 2021 lien releases. In fact, Plaintiffs allege Chase Bank was out of the chain of title by 2008. *See* Complaint, ¶ 17.

Based on these facts, Plaintiffs conclude that Chase & Co. has slandered Plaintiffs' title. Plaintiffs have failed to allege any such claim against Chase & Co.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  This requires a Plaintiff to plead more than "labels and conclusions, and a formulaic recitation of a cause of action . . . ." <u>Id.</u> at 555. A pleading that merely states "labels and conclusions," a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice.  <u>Iqbal</u>, 556 U.S. at 678 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555).

Instead, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This means the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. When determining whether a claim is "plausible on its face," courts accept all well-pleaded factual allegations contained in the complaint as true, but exclude legal conclusions from the analysis. Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 520-21 (10th Cir. 3013); Twombly, 550 U.S. at 555, 564-65, 589-90. If the court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. Iqbal, 556 U.S. at 679.

Under Federal Rule 12(e), a party may request a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement requires the Court to consider whether the facts as pled are sufficient under Fed. R. Civ. P. 8. Swimwear Solution, Inc. v. Orlando Bathing Suit, LLC, 309 F. Supp.3d 1022, 1044 (D. Kan. 2018).

## ARGUMENT

Plaintiffs' Complaint fails to state a claim because they do not provide sufficient facts under the pleading standards set forth in the Federal Rules of Civil Procedure and fail to show a right to relief against Chase & Co. Instead, Plaintiffs conflate the various defendants in this matter. In the Complaint, Plaintiffs allege that all Defendants shoulder responsibility as either servicers or holders of their note. *See* Complaint ¶ 55. However, nowhere in the Complaint do Plaintiffs allege that Chase & Co. was either a servicer or a holder of their note. At best, Plaintiffs allege Chase & Co. owned an entity, Chase Bank that may have had possession of the

note by virtue of a merger. *See* Complaint ¶ 16. Consequently, Plaintiffs' Complaint fails to state sufficient facts to state a claim under Fed. R. Civ. P. 8 against Chase & Co.

In the alternative, if the Court denies the motion to dismiss, Chase & Co. requests that this Court require Plaintiffs to provide a more definite statement.

**I.   Plaintiffs Fail To Plead Sufficient Facts Under Fed. R. Civ. P. 8 Because They Conflate Actions Of All Defendants.**

As a threshold matter, Plaintiffs' Complaint must be dismissed because they fail to fulfill the pleading standards set forth in Fed. R. Civ. P. 8. Plaintiffs' Complaint does not contain sufficient facts to survive a motion to dismiss as to Chase & Co. because Plaintiffs improperly refer to all defendants in the collective and fail to allege which defendant is alleged to have committed each act. Chase & Co. is not alleged to have committed any act beyond a merger with Bank One.

Plaintiffs' Complaint is insufficient under Rule 8 because they attribute all allegations to all Defendants. In a case where there are multiple defendants, Rule 8 requires that the complaint give each individual defendant sufficient notice of the claims against it. Under the federal rules, a party must provide "a short plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to show they are entitled to relief, the pleader must state "exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her. . ." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). A pleader, therefore, must establish their right of relief against each defendant to state a claim against them. See Matthews v. Bergdorf, 889 F.3d 1136, 1144 (10th Cir. 2018).

Here, Plaintiffs' fail to state sufficient facts for all counts under Fed. R. Civ. P. 8 because they refer to all Defendants in the collective and do not delineate which claims and factual

allegations concern each party.  Plaintiffs then reference all defendants rather than any individual party in Count II for Slander of Title.  Plaintiffs, however, improperly place the burden on Defendants to determine which allegations are asserted against whom and what claims each defendant must defend against.  In doing so, Plaintiffs fail to show a right to relief against any one defendant and instead, relies on improper "shotgun pleading" making it impossible to tell what facts connect with which claims and to which Defendants.  See Greenway Nutrients, Inc. v. Blackburn, 33 F. Supp.3d 1224, 1242-43 (D. Colo. 2014).  Plaintiffs, therefore, failed to plead the allegations supporting each count in the Complaint sufficiently against each defendant and the Complaint must be dismissed.

> II.  **In The Alternative, The Court Should Order Plaintiffs To Provide A More Definite Statement So Defendants Know Which Allegations Pertain to Which Parties.**

In the event that the Court finds that Plaintiffs state a claim and Chase & Co.'s Motion to Dismiss is denied, Chase & Co. requests that the Court order Plaintiffs to provide a more definite statement so Chase & Co. can adequately respond to the Complaint.  A motion for more definite statement requires the Court to consider whether the facts as pled are sufficient.  Swimwear Solution, Inc. v. Orlando Bathing Suit, LLC, 309 F. Supp.3d 1022, 1044 (D. Kan. 2018).

Here, as described above, Plaintiffs do not adequately plead under Fed. R. Civ. P. 8 because they improperly conflate defendants and fail to allege which defendants committed which acts.  Plaintiffs should be ordered to specifically allege which acts are alleged against Chase & Co.  The current Complaint makes no claims against either Chase & Co. or Chase Bank after 2004. See Complaint, ¶¶ 16-17. Allegations about Chase & Co. and Chase Bank are over 10 years old and beyond the one-year statute of limitations for a slander of title claim. In the event this Court denies Chase & Co.'s Motion to Dismiss, Chase & Co. requests the Court to order Plaintiffs to provide a more definite statement.

## CONCLUSION

Plaintiffs fail to state a short and plain statement of their claims. In their attempt to implicate as many Defendants as possible, Plaintiffs fail to adequately plead facts sufficient to state a claim against Chase & Co.  Plaintiffs' Complaint should be dismissed as to Chase & Co., or Plaintiffs should be ordered to specify the claims and allegations they are making against Chase & Co.

**Respectfully submitted,**

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:   /s/ Michelle M. Masoner
    Michelle M. Masoner, KS Bar No. 18424
    1200 Main Street, Suite 3800
    Kansas City, Missouri 64105-2100
    Telephone: (816) 374-3200
    Facsimile:  (816) 374-3300
    michelle.masoner@bclplaw.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE & CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that April 30, 2021, the foregoing was served via the Court's ECF system to all counsel of record:

/s/ Michelle M. Masoner
Attorney for Defendant