UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLOS E. MORAL and                 )
JULIE K. MORAL,                     )
                                    )
                Plaintiffs,         )
                                    )
v.                                  )       Case No.   21-cv-1070-HLT-TJJ
                                    )
PHH MORTGAGE CORPORATION,           )
OCWEN LOAN SERVICING, LLC,          )
RESIDENTIAL ASSET MORTGAGE          )
PRODUCTS, INC. and THE BANK OF      )
NEW YORK MELLON TRUST               )
COMPANY, NATIONAL ASSOCIATION, )
                                    )
                Defendants.    )

## SCHEDULING ORDER

On September 7, 2021, in accordance with Fed. R. Civ. P. 16, the undersigned U.S.

Magistrate Judge, Teresa J. James, conducted a scheduling conference in this case with the

parties. Plaintiffs appeared through counsel, Randall K. Rathbun. Defendants PHH Mortgage

Corporation, Ocwen Loan Servicing, LLC and The Bank of New York Mellon Trust Company,

National Association appeared through counsel, William Easley and Eric David Martin. An entry

of appearance has not been filed for defendant Residential Asset Mortgage Products, Inc.

After consultation with the parties, the court enters this scheduling order, summarized in

the table that follows:

1

| CARLOS E. MORAL and JULIE K. MORAL v. PHH MORTGAGE CORPORATION, et al. 21-cv-1070-HLT-TJJ SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiffs' settlement proposal | **September 15, 2021** |
| Defendants' settlement counter-proposal | **September 30, 2021** |
| Jointly **filed** mediation notice (through CM/ECF), or confidential settlement reports **emailed** to magistrate judge ksd_james_chambers@ksd.uscourts.gov. | **October 4, 2021** |
| Mediation completed | **January 17, 2022** |
| ADR report due | **14 days after mediation is held** |
| Exchange documents identified in Rule 26(a) Initial Disclosures | **September 13, 2021** |
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All discovery completed | **May 2, 2022** |
| Experts disclosed by plaintiffs | **January 14, 2022** |
| Experts disclosed by defendants | **March 14, 2022** |
| Rebuttal experts disclosed | **March 28, 2022** |
| Physical and mental examinations | **February 1, 2022** |
| Jointly proposed protective order submitted to court | **September 30, 2021** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **October 8, 2021** |
| Motions to dismiss | **October 1, 2021** |
| Motions to amend or join additional parties | **November 1, 2021** |
| All other potentially dispositive motions (e.g., summary judgment) | **May 31, 2022** |
| Motions challenging admissibility of expert testimony | **May 31, 2022** |
| Proposed pretrial order due | **May 11, 2022** |
| Pretrial conference before Judge James – **Dial 888-363-4749 and enter Access Code 4901386** | **May 17, 2022 at 10:00 AM** |
| Jury trial in Wichita ,KS before District Judge Holly L. Teeter, in courtroom unknown. ETT 3-4 days. | **Set at Pretrial Conference** |

1)      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiffs must submit a good-faith settlement proposal to defendants by **September 15, 2021**.   Defendants must make a good-faith counter-proposal by **September 30, 2021**. By **October 4, 2021**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge) at ksd_james_chambers@ksd.uscourts.gov. These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office.

Mediation is ordered. Absent further order of the court, mediation must be held no later than **January 17, 2022**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

3

**2)      Discovery.**

a)      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).

The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

b)      In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various items described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **September 13, 2021**.

c)      Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In any event, final supplemental disclosures must be served no later than 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at

4

trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

d)      All discovery must be commenced or served in time to be completed by **May 2, 2022**. Under the December 1, 2015 amendments to the Federal Rules of Civil Procedure, the court reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any non-privileged matter *provided* it is (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery is proportional is to be determined by considering, to the extend they apply, the following six factors:   (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

e)      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiffs by **January 14, 2022**, and by defendants by **March 14, 2022**; disclosures and reports by any rebuttal experts must be served by **March 28, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137

(1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections. Neither side is entitled to discovery of attorney-client communications or draft expert reports.

f)      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 may be appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **February 1, 2022**. If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, _and_ for the examination to be conducted, all before the deadline expires.

g)      The court considered the following discovery problem(s) raised by one or more of the parties:

- None by the plaintiffs.
- Defendants anticipate disputes regarding the scope of discovery requested pursuant to Plaintiffs' RESPA claim. Defendants state that Plaintiffs' allegations in the Complaint concern the payoff of their mortgage loan and the release of their mortgage. While Plaintiffs seem to be asserting RESPA claims prior to the payoff of the loan, Defendants note that Plaintiffs do not describe any specific instances where they submitted written requests to any Defendant pertaining to the servicing of their mortgage loan, do not allege any specific disclosure that they did not receive or any inaccuracies in those disclosures, do not do not allege any specific instances where Plaintiffs did not receive a response to any request they made to any Defendant, and do not describe any specific inaccuracies in the application of their payments. Since the facts asserted in Plaintiffs' Complaint focus on their payoff of their loan and the release of their mortgage, Defendants state that discovery should be limited to these topics.

6

h)      Consistent with the parties' agreements as set forth in their planning conference

report, electronically stored information (ESI) in this case will be handled as follows:

- Defendants do not anticipate substantial e-discovery in this case. If limited ESI exists, it will be provided in .pdf format. Defendants have agreed to produce its responsive documents from its system of record in pdf. format or as otherwise held in the ordinary course of their business. To the extent the parties determine that discovery of ESI beyond responsive documents from Defendants' system of record is required after exchanging discovery requests, the parties will meet and confer regarding the discovery of that specific ESI at that time.

i)      Consistent with the parties' agreements as set forth in their planning conference

report, claims of privilege or of protection as trial-preparation material asserted after production

will be handled as follows:

- To the extent that any party asserts the claim of privilege and/or work product, the party asserting such privilege exists will identify the document or thing protected by this privilege.   The parties agree to identify all such documents or things through a "privilege log" that includes the dates of the creation of the document; the author; the recipient (where applicable) and the privilege claimed.   The parties agree to meet and confer to resolve any disputes and to discuss any issues that may arise regarding the assertion of any privilege.   The parties further agree that the inadvertent disclosure of materials to the adverse party is not a waiver of said privilege.   The parties further agree that each party, after being notified of an assertion of privilege to a produced document, will abide by the procedures outlined within Fed. R. Civ. P. 26(b)(5)(B).

j)      To encourage cooperation, efficiency, and economy in discovery, and also to limit

discovery disputes, the court adopts as its order the following procedures agreed to by parties and

counsel in this case:

- The parties do not anticipate problems that necessitate specific procedures.   To the extent there is a discovery dispute, the parties will attempt, in good faith, to resolve the matter through in-person or telephone conversations between counsel.   If the dispute cannot be resolved by counsel, then they will petition or move the court as necessary to resolve the dispute through appropriate court procedure.   Papers will be served by e-mail on all counsel.   Neither side will be entitled to discovery of communications with counsel or draft expert reports.

k)      No party may serve more than <u>30</u> interrogatories, including all discrete subparts,

on any other party.

l)     No more than 5 depositions may be taken by plaintiffs, and no more than 5

depositions may be taken by defendants. Each deposition must be limited to 7 hours. All

depositions must be governed by the written guidelines that are available on the court's website:

http://www.ksd.uscourts.gov/deposition-guidelines/

m)     Discovery in this case may be governed by a protective order. If the parties agree

concerning the need for and scope and form of such a protective order, they must confer and then

submit a jointly proposed protective order by **September 30, 2021**. This proposed protective

order should be drafted in compliance with the guidelines available on the court's website:

http://ksd.circ10.dcn/wp-content/uploads/2018/01/PO-Guidelines-Form-Rev.-March-2019.docx

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of

the particular facts in this case that would provide the court with an adequate basis upon which to

make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form

of protective order is included with the guidelines at the hyperlink shown above.

If the parties disagree concerning the need for, and/or the scope or form of a protective

order, the party or parties seeking such an order must file an appropriate motion and supporting

memorandum, with the proposed protective order attached, by **October 8, 2021**. The parties and

counsel are strongly encouraged to consider emailing the chambers of the undersigned magistrate

judge for further guidance before filing such a motion.

n)     The expense and delay often associated with civil litigation can be dramatically

reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive"

manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that

this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3)    Motions.**

a)    Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **October 1, 2021**.

b)    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 1, 2021**.

c)      All other potentially dispositive motions (e.g., motions for summary judgment),

must be filed by **May 31, 2022**.

d)      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e.,

summary-judgment briefs that fail to comply with these rules may be rejected, resulting in

summary denial of a motion or consideration of a properly supported motion as uncontested.

Further, the court strongly encourages the parties to explore submission of motions on stipulated

facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties

should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e)      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid.

702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co.*

*v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **May 31, 2022**.

f)      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2

must be filed and served within 30 days of the default or service of the response, answer, or

objection that is the subject of the motion, unless the time for filing such a motion is extended for

good cause shown. Otherwise, the objection to the default, response, answer, or objection is

waived. *See* D. Kan. Rule 37.1(b). In the event a telephone or in-person discovery conference is

held, if appropriate the court will adjust the deadline for filing a motion to compel.

g)      To avoid the filing of unnecessary motions, the court encourages the parties to

utilize stipulations regarding discovery procedures. However, this does not apply to extensions of

time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a

motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying

the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

      h)     The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)     Pretrial Conference, Trial, and Other Matters.**

      a)     The parties agree that principles of comparative fault do not apply to this case.

      b)     Pursuant to Fed. R. Civ. P. 16(e), a telephone pretrial conference is scheduled for **May 17, 2022 at 10:00 AM**; this pretrial conference will be conducted by dial-in telephone conference call unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Counsel and any pro se parties must dial **888-363-4749** and enter Access Code **4901386** to join the conference. Unless otherwise notified, the undersigned Magistrate Judge will conduct the conference.

      No later than **May 11, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

11

c)      The parties expect the jury trial of this case to take approximately 3-4 trial days. The case will be tried in Wichita **,** Kansas before District Judge Holly L. Teeter. The court will subsequently set the case for trial at the pretrial conference.

d)      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e)      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated September 15, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge