Randall K. Rathbun #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street N., Suite 450
Wichita, Kansas 67206-2936
Telephone: (316) 262-4000
Randy@depewgillen.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| CARLOS E. MORAL and<br>JULIE K. MORAL,<br><br>        Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION;<br>OCWEN LOAN SERVICING, LLC;<br>RESIDENTIAL ASSET MORTGAGE<br>PRODUCTS, INC.; BANK OF NEW<br>YORK MELLON TRUST COMPANY,<br>NATIONAL ASSOCIATION<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 21-1070-HLT-TJJ |

### BRIEF IN SUPPORT OF PLAINTIFFS'
### MOTION TO AMEND COMPLAINT

On January 4, 2021, the plaintiffs finally achieved the American dream: They burned their mortgage. This came after 20 years of hard luck, two attempts by their mortgage holder to foreclose on their mortgage, and years of trying to understand who, or what, held an interest in their one and only home.

What should have been a joyous occasion has turned into an incredibly "frustrating mess" in the words of Jimi Hendrix[1]. The Morals' frustration has turned to outrage because the Grant County Register of Deeds recently confirmed that certain of the blank releases utilized by the defendants are fraudulent, and that the title to their home is clouded.

This action was filed on March 17, 2021, and the scheduling order was entered on September 15. There has been little discovery and no depositions taken. The plaintiffs' first discovery requests were served on September 27. The defendants asked for an extension until November 29, and the plaintiffs, of course, did not object. The defendants then asked for another 30 day extension; however, that extension would have taken the case beyond the deadline for motions to amend in the revised scheduling order. Plaintiffs agreed not to oppose a shorter extension if the defendants would agree to an extension of the deadline to amend their pleadings until December 27, 2021. The Court approved that arrangement on November 29, with a well-deserved cautionary instruction to get the case moving.

---

[1] From "Manic Depression," on Hendrix's 1967 album *Are You Experienced* in which he complains about "I know what I want but I just don't know how to go about getting it."

Two weeks ago, on December 13, 2021, the defendants finally produced the documents plaintiffs sought in September subject to a number of objections, of course. Based upon the startling documents disclosed in defendants' responses to plaintiffs' request for production, plaintiffs hereby seek the approval of this court to file their First Amended Complaint. See, Exhibit 1. The amended complaint (1) adds a new party[2]; (2) adds claims for fraud, fraud by silence and punitive damages against Ocwen; (3) adds a claim for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act; (4) adds claims for violations of the Kansas Consumer Protection Act; and (5) adds a claim for punitive damages to the slander of title count.

## I. ARGUMENT AND AUTHORITIES

### A. STANDARD

The standard for amendments to the plaintiffs' complaint is well-known and has been stated by this Court many times. Recently, this Court noted in

---

[2]Plaintiffs acknowledge that there is a split of authority as to whether the correct vehicle for adding a party is under FRCP 15 or FRCP 21. Plaintiffs believe that Rule 15 governs: "We have already decided Rule 15(a) governs the addition of a party. In explicit terms, we said in *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993), 'A motion to add a party is governed by Fed.R.Civ.P. 15(a).' We later amplified that statement by adding, 'To the extent that Plaintiffs' motion to supplement sought the addition of a party, it is controlled by Rule 15(a) because it is actually a motion to amend.' Id.; see also *Gilles v. United States*, 906 F.2d 1386, 1391 (10th Cir.1990) (en banc), and *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir.1976), vacated in part on other grounds, 545 F.2d 919 (5th Cir.1977) (en banc)." *U.S. ex rel. Precision Co. v. Koch Indus., Inc.,* 31 F.3d 1015, 1018 (10th Cir. 1994).

*Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 19-CV-4007-HLT-TJJ, 2021 WL 2515025, at *1 (D. Kan. June 18, 2021) that Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a responsive pleading is served. Subsequent amendments are allowed only by leave of court or by written consent of the adverse party. The court should "freely give leave [to amend] when justice so requires," and the Supreme Court has emphasized that "this mandate is to be heeded." The court is to consider a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. A proposed amendment is futile if the amended complaint would be subject to dismissal. The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."

## B. The Factors Under Rule 15

As noted above, there are number of factors the Court should consider in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. The plaintiffs will review each of the factors and demonstrate that the request for an amendment to the pleadings should be granted.

4

***1. Is the request timely?*** *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204–05 (10th Cir. 2006) demonstrates the extremely liberally standard for granting a motion to amend pleadings. *Minter* dealt with an attempt to add an alteration product liability claim *three weeks before the start of trial.* The District Court denied the motion on the grounds that it was prejudicial and untimely. The Tenth Circuit reversed.

The Court noted, at page 1205, that in *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. 371 U.S. at 182, 83 S.Ct. 227. Emphasis is on the adjective: "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir.1975). Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed.R.Civ.P. 15(a); see also 6 Wright, Miller & Kane, Federal Practice and Procedure § 1488 (2d ed.1990).

The Court also noted the standard in the Tenth Circuit:

> This Circuit, however, focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West,* 3 F.3d 1357, 1365–66 (10th Cir.1993); see also *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example,

5

> courts have denied leave to amend where the moving party
> was aware of the facts on which the amendment was based
> for some time prior to the filing of the motion to amend.")

*Id.* at 1206.

The response to plaintiffs' request for production of documents served in September, was finally served by the defendants on December 13. The documents are worse than the plaintiffs could ever have imagined. In the "customer accounts notes," the defendant Ocwen muses about clouding the Moral's title and charts out the steps Ocwen/PHH took in concealing their substandard business model and the harm it wrought on the plaintiffs.

**2. *Will the Defendants Suffer Undue Prejudice?*** Another of the factors that must be considered by this Court in its ruling is whether the defendants will suffer undue prejudice if the Court were to allow an amendment to the pleadings. The Tenth Circuit in *Minter* also considered this factor in overruling the Trial Court's refusal to allow an amendment three weeks before trial. It noted that the second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party. "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316, (1960). See also *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim ..., provided always that a

late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)); *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n,* 357 F.3d 1, 8 (1st Cir.2004) ("Once the adversary has answered, amendment is no longer allowed as of right, Fed.R.Civ.P. 15(a), but in general permission is liberally granted where there is no prejudice."); 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading.").

There will be no prejudice suffered by the defendants if the motion is granted. Considering how the defendants already parties to this suit took the liberty of pleading affirmative defenses to plaintiffs' as of yet unrequested punitive damages, they saw this coming from 180 miles away. The plaintiffs were the only ones who did not know the information produced by the defendants two weeks ago. The defendants have not taken depositions and will be fully able to explore the plaintiffs' new claims.

**C. *Bad Faith as a Reason to Deny the Motion.*** The plaintiffs cannot imagine how defendants will argue that filing a motion to amend within two weeks of receiving the documents in question could possibly be bad faith. The plaintiffs did not plead fraud or ask for punitive damages in the original

7

Complaint because it is the undersigned's practice not to be a "kitchen sink" pleader: a case should be filed based upon the evidence the plaintiff has at the time of filing–and not what it is hoped that discovery may reveal. There is no bad faith in waiting until one discovers a basis for a claim before pleading it.

**D. *Futility as a Reason to Deny the Amendment*.** The final factor referred to by the courts in determining whether a motion to amend should be granted is whether the amendment would be futile because it would not withstand a motion to dismiss or it fails to state a claim upon which relief may be granted. *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007). In *ASARCO LLC v. Union Pac. R.R. Co.*, 755 F.3d 1183, 1188 (10th Cir. 2014), the Tenth Circuit confirmed that on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]."

When viewed in a light most favorable to the plaintiff, it seems clear that the factual allegations by the plaintiff set forth a claim upon which relief could be granted. The Supreme Court has specifically ruled that a plaintiff is not required to plead a specific cause of action:

> Federal pleading rules call for " a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. See Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller,

> M. Kane, R. Marcus, & A. Steinman, Federal Practice
> and Procedure 644 (2014) (Federal Rules of Civil
> Procedure "are designed to discourage battles over mere
> form of statement"); 5 C. Wright & A. Miller, Federal
> Practice and Procedure § 1215, p. 172 (3d ed. 2004) (Rule
> 8(a)(2) "indicates that a basic objective of the rules is to
> avoid civil cases turning on technicalities").

*Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346–47, 190 L. Ed. 2d 309 (2014). Although the plaintiff is not required to plead specific theories of recovery, the elements of a particular cause of action have been shown to exist as to each count of the pleading.

## II. CONCLUSION

The paper work surrounding this mortgage should not be difficult to figure out. However, the plaintiffs feel like they are stuck in a Greek Mythology Labyrinth which is so elaborate and confusing that the defendants (playing the role of Daedalus) can hardly get out themselves. Regulator after regulator has found that Ocwen has purposefully fleeced the public. They did in this case as well.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Randy@depewgillen.com
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2021, the above and foregoing **Brief in Support of Plaintiffs' Motion to Amend Complaint** was filed via ECF and notice sent to:

Eric D. Martin
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 1600
St. Louis, MO 63102

William J. Easley
Bryan Cave Leighton Paisner LLP
1200 Main Street, Suite 3800
Kansas City, MO 64105
*Attorneys for Defendants* BONY, PHH and Ocwen

/s/Randall K. Rathbun
Randall K. Rathbun #09765