## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CARLOS E. MORAL, et al,       )
                                   )
          **Plaintiffs,**       )
                                   )   **Case No.  6:21-CV-01070-HLT-TJJ**
**v.**                               )
                                   )
**PHH MORTGAGE CORPORATION** *et al.,*  )
                                 )
          **Defendants.**      )

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [Doc. 40]

Defendants PHH Mortgage Corporation ("PHH"), Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A., As Successor to JPMorgan Chase Bank, N.A. As Trustee for Residential Asset Mortgage Products, Inc. Mortgage Asset-Backed Pass-Through Certificates Series 2006-SP3 ("BONY," and collectively with PHH and Ocwen, "Defendants") move the Court to dismiss Plaintiffs Carlos E. Moral's and Julie K. Moral's (collectively, "Plaintiffs") First Amended Complaint [Doc. 40] (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants state as follows:

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means a Plaintiff must plead more than "labels and conclusions, and a formulaic recitation of a cause of action . . . ." *Id.* at 555. A pleading that states "labels and conclusions," a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of

"further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

Additionally, to determine whether a claim is "plausible on its face," the court accepts all well-plead factual allegations as true, but excludes legal conclusions from the analysis. *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 520-21 (10th Cir. 3013); *Twombly*, 550 U.S. at 555, 564-65, 589-90. However, the court will not assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated…laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983) (footnote omitted); *Gallardo v. Bd. of Cty. Comm'rs*, No. 94-4064-SAC, 1995 WL 106366, at *1 (D. Kan. Jan. 11, 1995). If the court can infer no more than a "mere possibility of misconduct," the complaint must be dismissed. *Iqbal*, 556 U.S. at 679. "In keeping with these principles, a court considering a [motion] can choose to begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *G.D. as Next Friend of A.D. v. Lansing United Sch. Dist. #469*, No. 2:18-CV-02243-HLT, 2018 WL 5724042, at *2 (D. Kan. Nov. 1, 2018) (quotations omitted) (alteration in original).

## ARGUMENT

The Complaint should be dismissed. While Plaintiffs repeatedly imply wrongdoing by Defendants, after Plaintiffs' editorializing and unsupported conclusions are removed, the actual facts pled fail to support any legally cognizable claim. The allegations in the Complaint fail to state a claim for relief because (1) Plaintiffs fail to plead essential elements of their RESPA claims and lack a private right of action to enforce the regulations they cite; (2) Plaintiffs fail to allege they made any written request for a payoff quote or that Defendants are subject to civil liability under the Dodd-Frank Wall Street Reform and Consumer Protection Act; (3) Plaintiffs'

Kansas Consumer Protection Act claim fails because Defendants made no inaccurate representation to Plaintiffs as "suppliers" defined by the act; (4) Plaintiffs' fraud and fraud by silence claims fail because possession of the promissory note, not recorded assignments of mortgage, determine the right to enforce the Mortgage Loan; and (5) Plaintiffs cannot show a satisfaction of mortgage disparaged their title.

## I.   PLAINTIFFS FAIL TO DEMONSTRATE A PLAUSIBLE RIGHT TO RELIEF UNDER THEIR RESPA CLAIMS (ADDRESSING COUNT I).

Plaintiffs' RESPA claims consist of ten conclusory allegations regarding Ocwen and PHH's servicing of the Mortgage Loan. *See* Compl. at ¶ 96(1)-(10). Plaintiffs, however, fail to allege any facts to support these claims.  As demonstrated in sections I(A)-(C) below, Plaintiffs essentially copied-and-pasted various provisions of RESPA and applicable regulations and then slightly changed them to reference Plaintiffs. The charts organizing Plaintiffs' claims in Sections I(B) and I(C) highlight the deficiency of Plaintiffs' pleading.  They are prime examples of pleading mere labels, conclusions, and a formulaic recitation of a cause of action insufficient to state a claim for relief. *See Ashcroft* 556 U.S. at 663; *Twombly*, 550 U.S. at 570.

Plaintiffs' RESPA claims are also barred as a matter of law. While Plaintiffs do not cite statutory authority for each of their RESPA claims, Plaintiffs' claims can be categorized under four categories, (1) claims under 12 U.S.C. § 2605; (2) claims under the Consumer Financial Protection Bureau's (the "CFPB") regulations under 12 C.F.R. § 1024.35; (3) regulations under 12 C.F.R. § 1024.38; and (4) claims under 12 C.F.R. 1024.33. Plaintiffs' Complaint fails to state a claim under any of these statutes or regulations because Plaintiffs fail to plead that they have submitted proper written notices to any Defendant triggering RESPA's provisions, and because Plaintiffs lack a private right of action to enforce the governing regulations. Additionally,

Plaintiffs' claims related to notices of transfer are barred by the statute of limitations. All of Plaintiffs' RESPA claims should be dismissed, with prejudice.

## A. CLAIMS UNDER 12 U.S.C. § 2605 REQUIRE REQUESTS IN WRITING CONCERNING ERRORS IN THE SERVICING OF A MORTGAGE LOAN.

In the Complaint, Plaintiffs allege Defendants Ocwen and PHH "failed to take timely action in responding to Plaintiffs' requests to correct errors relating to the allocation of payments, final balances for the purposes of paying off the mortgage, and other standard servicer duties." Compl. at ¶ 93. While Plaintiffs do not cite the specific statutory section they allege Ocwen or PHH violated, Plaintiffs' claim largely matches Section 2605(k)(1)(C) which states that a servicer of a federally related mortgage cannot "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicing duties." 12 U.S.C. § 2605(k)(1)(C). Plaintiffs' claims under 12 U.S.C. § 2605 should be dismissed because Plaintiffs fail to plead facts supporting essential elements of their claim.

Plaintiffs fail to allege facts demonstrating that PHH failed to respond to any written request to correct any error in the servicing of their loan. Plaintiffs allege that Defendants committed various errors including (1) misrepresenting the accuracy of the assignments of the Mortgage Loan; (2) freezing of Plaintiffs' access to their online account; (3) providing Plaintiff erroneous payoff quotes; (4) requiring Plaintiffs submit certified funds to pay off their Mortgage Loan; and (5) submitting erroneous satisfactions of mortgage to the register of deeds. Compl. ¶¶ 44; 53; 54; 58; 68; 78-81.[1]  These allegations are insufficient to state a claim under RESPA because (1) Plaintiffs fail to allege that the "requests" were in writing as required by RESPA and

---

[1]      Defendants note that while Plaintiffs allege other errors concerning their mortgage loan, they plead no facts supporting these allegations and therefore, these "naked assertions" should be disregarded for purposes of this Motion. *See Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

its associated regulations; (2) Plaintiffs fail to allege facts demonstrating they made any written request to Ocwen or PHH to correct an alleged error; and (3) the errors Plaintiffs allege do not relate to the servicing of their Mortgage Loan.

First, Plaintiffs' oral statements to PHH are not "requests" that give rise to duties under RESPA. "[A] servicer's statutory duty to respond to a borrower's communication doesn't arise with respect to *all* inquiries or complaints from borrowers to servicers." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (emphasis in original). RESPA, and its implementing regulations, recognize three kinds of "requests" that borrowers can submit: a qualified written request, a written "notice of error," and a written "request for information." 12 U.S.C. 2605(e); 12 C.F.R. § 1024.35; 12 C.F.R. § 1024.36.   For each, in order for the borrower to trigger the "duty" of a loan servicer "to respond," the request must be "written."   *Id.* "Communication failing to meet the requirements of RESPA and its implementing regulation amounts to nothing more than general correspondence between a borrower and servicer." *Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 705 (10th Cir. 2016) (*citing Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1149 (10th Cir. 2013)).

While Plaintiffs allege they contacted Defendants regarding various questions, Plaintiffs fail to allege that any of their communications to Ocwen or PHH were in writing. *See* Compl. at ¶¶ 29; 44; 54; 56; 64; 71; 74. By failing to plead facts demonstrating they made any written requests, Plaintiffs fail to trigger any duties under RESPA. To hold otherwise would functionally make all interactions between borrowers and servicers potentially actionable under RESPA, and would disregard Tenth Circuit precedent holding that general correspondence between borrowers and servicers exists outside of the provisions of RESPA. *See Warren*, 663 F. App'x at 705. Plaintiffs' oral statements to PHH, therefore, are not qualifying requests under RESPA.   *See*

*Gehman v. Argent Mortg. Co. LLC,* 726 F. Supp. 2d 533, 541 (E.D. Pa. 2010) (allegations of verbal contact with servicer does not constitute a valid request under RESPA).

Second, Plaintiffs fail to show that any communication they made to Defendants were for the purpose of correcting an error. A claim under Section 2605(k)(1)(C) is limited to a borrower's request to correct errors. *See Mader v. Wells Fargo Bank, N.A.*, No. 16-CV-309-LM, 2017 WL 177619, at *5 (D.N.H. Jan. 17, 2017). A servicer is only liable as a result of the borrower's request to correct an error if they fail to provide a response. *See id.*, *Christenson v. CitiMortgage, Inc.*, 255 F. Supp. 3d. 1099, 1106 (D. Colo. 2017). Here, while Plaintiffs suggest Defendants committed errors related to the assignments of mortgage recorded in the register of deeds, the payoff quotes submitted to Plaintiffs, in freezing Plaintiffs' access to their online account, and in initially requiring Plaintiffs to submit a final payoff with certified funds, Plaintiffs do not state any facts demonstrating they made any request to PHH to correct these alleged errors, much less that PHH failed to respond to their request.

Finally, Plaintiffs' allegations under 2605(k)(1)(C) fail because Plaintiffs' Complaint demonstrates that Defendants corrected the "errors" they allege. Section 2605(k)(1)(C) prohibits servicers from "fail[ing] to take timely action to respond to a borrower's requests . . ." 12 U.S.C. § 2605(k)(1)(C). Here, Plaintiffs allege Defendants erred in submitting a satisfaction of mortgage in the name of Bank One after they paid off their Mortgage Loan. Compl. at ¶ 67. However, Plaintiffs go on to admit that Defendants responded to this alleged error and generated a corrected Satisfaction of Mortgage in the name of BONY mere weeks after Plaintiff raised this concern. Compl. at ¶ 78. While Plaintiffs question the validity of the satisfaction of mortgage in BONY's name, Plaintiffs concerns stem from its assumption that the satisfaction was executed by BONY. *See* Compl. at ¶¶ 79-81. However, Plaintiffs' Complaint also acknowledges that this

satisfaction of mortgage was not executed by BONY, but instead was signed on behalf of Ocwen, BONY's attorney in fact. Compl. at ¶ 78. Defendants, therefore, took prompt action to correct the satisfaction of mortgage submitted to the register of deeds and Plaintiffs fail to demonstrate any Defendant failed to correct an error under Section 2605(k)(1)(C).

### B. PLAINTIFFS' CLAIMS UNDER 12 C.F.R. 1024.35 FAIL BECAUSE PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO ENFORCE ITS PROVISIONS AND PLAINTIFFS FAIL TO PLEAD ANY FACTS SUPPORTING SUCH CLAIMS.

While Plaintiffs again do not cite any specific RESPA section or any applicable regulations they seek to bring claims under, some of Plaintiffs' claims match the language of 12 C.F.R. §1024.35. *See* Compl. at ¶ 96. The substance of Plaintiffs' allegations along with the applicable provision of §1024.35 are as follows:

| Plaintiffs' Allegations | Regulatory Citation |
|---|---|
| "Failing to accept payment that conforms to the servicer's written requirements for borrowers to follow in making payments." Compl. at ¶ 96(6). | "Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payment." 12 C.F.R. § 1024.35(b)(1). |
| "Failing to apply an accepted payment to the principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law." Compl. at ¶ 96(7). | "Failure to apply an accepted payment to principal, interest escrow, or other charges under the terms of the mortgage loan and applicable law." 12 C.F.R. § 1024.35(b)(2). |
| "Failing to provide an accurate payoff balance upon the Morals' request." Compl. at ¶ 96(8). | "Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 C.F.R. § 1026.36(c)(3)." 12 C.F.R. § 1024.35(b)(6). |
| "Generally taking other actions in error relating to the servicing of the Morals' mortgage loan." Compl. at ¶ 96(9). | "Any other error relating to the servicing of a borrower's mortgage loan." 1024.35(b)(11). |
| "Failing to conduct a reasonable investigation of the errors complained of and other errors that should have been readily apparent, and failing to then correct those errors." Compl. at ¶ 96(10). | "A servicer must respond to a notice of error by either . . . [c]onducting a reasonable investigation…." 1024.35(e)(i)(B). "If during a reasonable investigation of a notice of error, a servicer concludes that errors occurred other than, or in addition to, the error or errors alleged by the borrower, the servicer shall correct all such additional errors…." 12 C.F.R. 1024.35(e)(1)(ii). |

Defendants thus assume Plaintiffs' allegations at Paragraphs 96(6)-(10) are purported claims under 12 C.F.R. § 1024.35. These claims fail because Plaintiffs lack a private cause of

action to enforce this CFPB regulation, Plaintiffs fail to allege they submitted any "notice of error" under the regulation, and because Plaintiffs state no facts in their Complaint to support these allegations.

First, Plaintiffs' claims under 12 U.S.C. § 1024.35 fail because Plaintiffs do not have a private right of action to enforce its provisions. The Tenth Circuit has not yet expressly addressed whether a borrower has a private right of action for alleged violations of 12 U.S.C. § 1024.35, and the district courts within the Tenth Circuit are split on this question. *Compare Denton v. Nationstar Mortg. LLC*, No. 18-CV-241-GKF-JFJ, 2020 WL 1919133, at *9 (N.D. Okla. Apr. 20, 2020) *with Christenson v. CitiMortgage, Inc.*, 255 F. Supp. 3d 1099, 1107 (D. Colo. 2017).[2] This Court, however, should follow the District of Colorado and the other courts throughout the country finding 12 C.F.R. 1024.25 does not create a private right of action. "Language in a regulation may invoke a private right of action that Congress through statutory text created but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). In contrast with other RESPA regulations which do provide a borrower with a private cause of action, no such private right is invoked in §1024.35. *See* 12 C.F.R. §1024.35; *see also Brown v. Bank of New York Mellon*, No. 1:16-CV-194(LMB/IDD), 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) (noting that 12 C.F.R. §1024.41 expressly provides for a private cause of action while §§1024.35, 1024.39, and 1024.40 do not). Given that other RESPA regulations expressly provide for a private right of action, and §1024.35 does not, Plaintiffs do not have a private right of action to bring claims under this regulation.

In addition to lacking a private right of action, Plaintiffs fail to plead necessary facts to support purported claims under 12 C.F.R. §1024.35. Notably, they fail to allege they provided

---

[2] While the District of Kansas has considered claims under 12 C.F.R. § 1024.35, in each of these cases, the question of whether a private right of action exists seems to have not been presented to this Court and therefore, these cases presume a private cause of action exists

Ocwen or PHH any written notice of error, as provided in the regulation. §1024.35 provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error . . ." 12 C.F.R. §1024.35(a). As discussed above, Plaintiffs did not plead that they submitted any written request to PHH or Ocwen, much less a written request that would constitute a qualified written request or a notice of error. *See Fowler v. Bank of Am., Corp.,* 747 F. App'x 666, 669 (10th Cir. 2018) (noting that a servicer's statutory duties to respond do not arise with all inquiries or requests from the borrower under RESPA). Plaintiffs, therefore, fail to allege required elements of their claim.

Finally, Plaintiffs' claims under 12 C.F.R. §1024.35 should be dismissed because Plaintiffs state no facts in the Complaint to support their allegations. Plaintiffs allege that Ocwen and PHH violated RESPA by, among other things, (1) failing to accept payment that conforms with the servicer's requirements; (2) failing to apply an accepted payment to the principal, interest, escrow and other charges associated with the loan; and (3) failing to provide an accurate payoff balance as required by 12 C.F.R. §1026.36. Compl. at ¶ 96(6)-(8); 12 C.F.R. §1024.35.

Plaintiffs fail to plead that PHH rejected any proper payment. To the extent that Plaintiffs contend that PHH are liable for allegedly preventing them from completing their payoff by limiting payments made through PHH's online portal, Plaintiffs fail to plead that PHH's written requirements allow borrowers to make a payoff in this manner. With regards to Plaintiffs' allegations regarding the application of their payments, Plaintiffs plead no facts demonstrating that PHH applied any of Plaintiffs' payments improperly. In fact, the parties agree that Plaintiffs paid off the mortgage loan. *See* Doc. 1 at ¶ 29; Doc. 11 at ¶ 29 (stating that "PHH admits the Loan was paid in full and admits payment in full resulted in a lien release."). Finally, Plaintiffs

---

without expressly deciding the issue. *See Muathe v. Wells Fargo Bank, N.A.,* No. 18-2064-CM-TJJ, 2019 WL 635407, at *3 (D. Kan. Feb. 14, 2019); *Boedicker v. Rushmore Loan Mgmt. Servs., LLC,* No. 2:16-CV-02798-JTM, 2017 WL 1408158, at *3 (D. Kan. Apr. 20, 2017).

also plead no facts demonstrating that PHH failed to provide them with a payoff quote in the manner required by RESPA's regulations. Under applicable RESPA regulations, "the [payoff] statement shall be sent within a reasonable time, but in no case more than seven business days *after receiving a written request* from the consumer…" *See* 12 C.F.R. § 1026.36(c)(3) (emphasis added). Plaintiffs pled no facts stating they submitted a written request for a payoff statement. Plaintiffs, therefore, fail to state a claim under 12 C.F.R. § 1024.35.

### C. PLAINTIFFS' CLAIMS UNDER 12 C.F.R. §1024.38 FAIL. PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO ENFORCE ITS PROVISIONS, AND PLAINTIFFS FAIL TO PLEAD ANY FACTS SUPPORTING SUCH CLAIMS.

Plaintiffs' next set of RESPA claims seem to be brought under 12 C.F.R. §1024.38, because the alleged violations track the provisions of this regulation. The substance of Plaintiffs' allegations along with the applicable provision of §1024.38 are as follows:

| Plaintiffs' Allegations | Regulatory Cite |
|---|---|
| "Failing to provide accurate and timely disclosures to the Morals regarding the servicing of their mortgage." Compl. at ¶ 96(1). | "Provide accurate and timely disclosures to a borrower as required by this subpart or other applicable law." 12 C.F. R. § 1024.38(b)(1)(i). |
| "Failing to investigate, respond to, and make appropriate corrections in response to complaints asserted by the Morals." Compl. at ¶ 96(2). | "Investigate, respond to, and, as appropriate, make corrections in response to complaints asserted by the borrower." 12 C.F.R. § 1024.38(b)(1)(ii). |
| "Failing to provide the Morals with accurate and timely information and documents in response to the Morals' requests for information." Compl. at ¶ 51(3). F | "Provide a borrower with accurate and timely information and documents in response to the borrower's requests for information with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.38(b)(1)(iii). |
| "Failing to provide the Morals with accurate and current information and documents of the mortgage loans they own." Compl. at ¶ 96(4) | "Provide owners or assignees of mortgage loans with accurate and current information and documents about all mortgage loans they own." 12 C.F.R. § 1024.38(b)(1)(iv). |
| "Failing to provide their own personnel with access to accurate and current documents." Compl. at ¶ 96(5). | "Provide appropriate servicer personnel with access to accurate and current documents and information reflecting actions performed by service providers." 12 C.F.R. § 1024.38(3)(i). |

Plaintiffs' claims under 12 C.F.R. §1024.38 fail because Plaintiffs lack a private right of action to enforce this regulation, and because they state no facts to support these allegations.

Plaintiffs do not have a private right of action to challenge a servicer's practices and procedures under 12 C.F.R. §1024.38. This Court has determined that the regulations at issue do not create a private right of action by looking to the guidance promulgated by the Consumer Financial Protection Bureau. *See Muathe v. Wells Fargo Bank, N.A.*, No. 18-2064-CM-TJJ, 2019 WL 635407, at *4 (D. Kan. Feb. 14, 2019), *aff'd* 807 F. App'x 855 (10th Cir. 2020). In *Muathe,* the court considered CFPB's guidance and found no private right of action existed under 12 C.F.R. §1204.40. *Id.* That guidance also states that there is no private right of action under 12 C.F.R. §1024.38. In its discussion of its promulgation of 12 C.F.R. §1024.38, the CFPB states that it considered allowing a private cause of action under §1024.38, but ultimately determined that it should "restructur[e] the final rule so that it neither provides private liability for violations of §1024.38 nor contains a safe harbor limiting liability to situations where there is a pattern or practice of violations." Mortgage Servicing Rules under the Real Estate Settlement Procedures Act (Regulation X), 78 FR 10696-01. Instead, the CFPB stated that it "believes that supervision and enforcement by the Bureau and other Federal regulators for compliance with and violations of §1024.38 respectively, would provide robust consumer protection without subjecting servicers to the same litigation risk and concomitant compliance costs as civil liability . . ." *Id.* Plaintiffs therefore do not have a private right of action to sue under 12 C.F.R. §1024.38.

In addition to lacking a private right of action to sue under §1024.38, Plaintiffs' claims also fail because they state no facts supporting their allegations. Specifically, Plaintiffs allege no facts suggesting PHH failed to provide them with any required notice or disclosure, allege no facts that show PHH failed to investigate any of their complaints, do not reference any specific information or documents that PHH failed to provide after PHH received a request for information, do not (and cannot) allege they own their own mortgage loan, and fail to identify

any information that was not shared with PHH's personnel. Instead, Plaintiffs seem to reference every potentially applicable RESPA regulation without any facts to evidence any alleged violation.  Such "naked assertions" are not permitted, and the claims should be dismissed. *See Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

### D. PLAINTIFFS' CLAIMS REGARDING NOTICE OF TRANSFER OF SERVICING ARE BARRED BY THE STATUTE OF LIMITATIONS.

Finally, Plaintiffs' claims alleging that they did not receive proper notice of servicing transfers are barred by the applicable statute of limitations. Any action brought under §2605 of RESPA must be brought within three years and any violations of §§2607 or 2608 must be brought within one year of the alleged violation. 12 U.S.C. §2614. Here, Plaintiffs allege that Defendants failed to provide Plaintiffs notice of the appropriate transfers of servicing of their mortgage. Compl. at ¶ 94. The last assignment of mortgage Plaintiffs allege occurred on June 4, 2009. Compl. at ¶ 17. Further, Plaintiffs allege Ocwen misled them as to the validity of the mortgage assignments by correspondence dated May 12, 2017. Compl. at ¶ 34. Plaintiffs filed this action on March 17, 2021. Under the three-year statute of limitations for claims under 12 U.S.C. §2605, any claims pre-dating March 17, 2018 are barred. Given that Plaintiffs' claims regarding the notice of servicing transfer and Ocwen's authority to service their Mortgage loan occurred in 2008 and 2017, respectively, both claims would fall outside the statute of limitations and should be dismissed.

### II. PLAINTIFFS' CLAIM UNDER THE DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT REQUIRES A WRITTEN REQUEST FOR A PAYOFF QUOTE TO A CREDITOR (ADDRESSING COUNT II).

Plaintiffs' claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act") fails because Plaintiffs fail to plead facts demonstrating they made any written request for a payoff quote that would trigger the protections of the act. Under the

provisions of the Dodd-Frank Act, "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. § 1639g.[3] Here, Plaintiffs' claims under the Dodd-Frank Act fail because (1) Plaintiffs fail to allege they submitted any written request for a payoff quote; and (2) Defendants are not "creditors" that may have civil penalties asserted against them.

As a threshold matter, Plaintiffs' claims fail because they do not allege they submitted a written request for a payoff quote to any Defendant. In order to state a claim under 15 U.S.C. § 1639g, a plaintiff must plead that they made a "written request for such balance." *Jeffers v. JPMorgan Chase & Co.*, No. CV H-19-3902, 2019 WL 6255311, at *2 (S.D. Tex. Nov. 22, 2019) (*citing* 15 U.S.C. § 1639g); *see also Levine v. EverBank, FSB*, No. 117CV00826SCJCMS, 2017 WL 6994578, at *8 (N.D. Ga. Nov. 2, 2017), *report and recommendation adopted*, No. 1:17-CV-826-SCJ, 2017 WL 6994588 (N.D. Ga. Nov. 20, 2017). Here, Plaintiffs plead no facts alleging they made any written request for a payoff quote—an essential element of their claim.

Additionally, Plaintiffs' claim fails because Defendants are not subject to civil liability under this section. Only a creditor or certain assignees of a creditor who fail to comply with the provisions of "this part" may be held civilly liable. 15 U.S.C. §1640(a); 15 U.S.C. §1641(e)(1). §1639g falls under "Part B" of title 15 and therefore, the civil liability provisions of §1640 apply. *See* 15 U.S.C. §1631 *et seq*; *Jeffers*, 2019 WL 6255311, at *1-2. A "creditor" is defined as "one who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge may be required, and (2) is the person to whom the

---

[3]      Defendants note that in the Complaint, Plaintiffs purport to bring their claim under the Dodd-Frank Act pursuant to 12 U.S.C. § 1639g. Compl. at ¶ 99. However, no such statute exists. Defendants believe that Plaintiffs intended to state they bring claims under 15 U.S.C. §

debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). An assignee of a creditor may only be liable for certain violations under this section if (a) the violation for which the action or proceeding is brought is apparent on the fact of the disclosure statement provided in connection with the transaction and (b) the assignment to the assignee was voluntary. 15 U.S.C. §1641(e)(1); *Denton v. Nationstar Mortg. LLC*, No. 18-CV-241-GKF-JFJ, 2020 WL 1917486, at *8 (N.D. Okla. Apr. 20, 2020). Here, Plaintiffs cannot establish that Defendants are "creditors" or assignees of a creditor subject to liability.

First, Ocwen and PHH are not creditors, as defined by the act, because they are loan servicers. *Bailey v. PHH Mortg. Corp.*, No. GJH-20-2577, 2021 WL 4478700, at *5 (D. Md. Sept. 30, 2021). Plaintiffs do not allege that Ocwen or PHH regularly extend consumer credit or were the entities to whom the debt was originally payable. *See* 15 U.S.C. § 1602(g). Nor do Plaintiffs allege Ocwen or PHH are assignees of the Mortgage Loan. *See* Complaint at ¶¶ 13-17. Ocwen and PHH, therefore, are not creditors or an assignee of a creditor subject to liability.

BONY is also not liable for alleged violations of 15 U.S.C. §1639g because Plaintiffs do not, and cannot, show that any violation of this statute would be apparent on the face of the disclosure statement for the Mortgage Loan. "A disclosure statement is a document provided before the extension of credit that set out the terms of the loan." *Evanto v. Fed. Nat. Mortg. Ass'n*, 814 F.3d 1295, 1298 (11th Cir. 2016). Since a disclosure statement is provided before the extension of credit, an assignee "is not subject to liability under TILA for violations that occur after the loan has been made." *Crum v. SN Servicing Corp.*, No. 119CV02045JRSTAB, 2020 WL 5629694, at *3 (S.D. Ind. Sept. 21, 2020) (*citing Kareem v. Ocwen Loan Servs. LLC*, 723 F. App'x 718, 721 (11th Cir. 2018)). Since a payoff quote can only be issued after the loan is made,

---

1639g.

there is no way the failure to provide a payoff quote can appear on the face of a disclosure statement. *Bailey*, 2021 WL 4478700, at *5; *see also Evanto v*, 814 F.3d at 1298 ("There is no way that the failure to provide a payoff balance can appear on the face of [a] disclosure statement."). An assignee of a creditor cannot be liable for alleged violations of 15 U.S.C. §1639g. *See Bailey*, 2021 WL 4478700, at *5; *Evanto*, 814 F.3d at 1298; *Crum*, 2020 WL 5629694, at *3. Plaintiffs, therefore, fail to establish any Defendant is subject to civil liability for alleged violations of 15 U.S.C. §1639g and Plaintiffs' claim should be dismissed.

### III. DEFENDANTS COMMITTED NO DECEPTIVE OR UNCONSCIONABLE ACT AS A SUPPLIER UNDER THE KCPA (ADDRESSING COUNT III).

Defendants Kansas Consumer Protection Act ("KCPA") also fails to state a claim. Plaintiffs' KCPA claim should be dismissed because (1) Plaintiffs fail to allege that Defendants were considered "suppliers" under the definition in effect at the time of the alleged violations; and (2) Plaintiffs are not aggrieved consumers who may bring a claim under the KCPA.

### A. DEFENDANTS ARE NOT SUPPLIERS UNDER THE DEFINITION OF "SUPPLIER" IN EFFECT AT THE TIME OF PLAINTIFFS' CLAIMS.

Any of Plaintiffs' claims concerning alleged KCPA violations pre-dating July 1, 2019 fail because Defendants did not fall under the definition of "supplier" prior to that date. To state a claim under the KCPA, Plaintiffs must show that Defendants were "suppliers," as defined by the KCPA. *In re Motor Fuel Temperature Sales Practices Litigation*, 279 F.R.D. 598, 604-05 (D. Kan. Jan. 19, 2012); *Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600, 613 (D. Kan. 2014). Under the KCPA, as effective during Plaintiffs' claims, a "[s]upplier does not include any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution." K.S.A. §50-624(l) (2018). This definition of "supplier" was effective until it was

amended effective July 1, 2019. *See* CONSUMER PROTECTION – SCRAP METAL DEALERS, 2019 Kansas Laws Ch. 66 (H.B. 2248).

Under this pre-July 1, 2019 definition, BONY is not a "supplier" because regulated banks are excluded from the definition if they are subject to state or federal regulation regarding the dispossession of repossessed collateral. *See Community First National Bank v. Nichols*, 443 P.3d 322, 328 (Kan. App. 2019). This is in accord with the United States Bankruptcy Court for the District of Kansas and this Court's interpretation of the definition of "supplier." *See e.g. In re Larkin*, 553 B.R. 428, 444 (Bankr. D. Kan. 2016); *Schneider v. CitiMortgage, Inc.*, No. 5:13-CV-04094-HLT, 2019 WL 3731909, at *2 (D. Kan. Aug. 8, 2019). Here, this Court may take judicial notice of the fact that BONY is federally regulated for purposes of this Motion because the fact of its regulation is "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Bank of New York Mellon Trust Company, N.A. is the trustee of the trust that owned Plaintiffs' Mortgage Loan. *See* Compl. at ¶ 17. The Bank of New York Mellon Trust Company, N.A. is a national bank regulated by the Office of the Comptroller of the Currency ("OCC").[4] *See Ellis v. Chase Bank USA, NA*, No. 17-02290-DDC, 2017 WL 5158311, at *2 (D. Kan. Nov. 7, 2017) (taking judicial notice that Defendant was a national bank regulated by the OCC and was subject to federal regulation for purposes of the KCPA). BONY, therefore, is a regulated bank that falls outside the definition of "supplier" applicable to Plaintiffs' claims.

PHH and Ocwen also are not "suppliers" under this definition because they fall under the definition of "lending institution" that are subject to state or federal regulation. While the KCPA does not define "lending institution," it does define "lender" as "a bank, savings and loan

---

[4]    *See* 12 U.S.C. § 21 *et seq.*; https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/index-financial-institution-lists.html.

association, savings bank, credit union, finance company, mortgage bank, mortgage broker and any affiliate." K.S.A. §50-624(f). Given that the definition of "lender" includes "any affiliate," this Court has held that loan servicers fall under the definition of "lending institutions" that are not covered by the pre-2019 definition of "supplier" in the KCPA. *Jones v. Fay Servicing, LLC*, No. 19-01124-EFM, 2020 WL 569771, at *7 (D. Kan. Feb. 5, 2020). Here, Plaintiffs' allegations in the Complaint demonstrate that Ocwen and PHH are regulated by the Kansas State Banking Commissioner. *See* Compl. ¶¶ 72; 75; 82. Further, Kansas law recognizes that mortgage servicers, like Ocwen and PHH are subject to licensure and regulation by the Kansas State Banking Commissioner. *See* K.S.A. § 9-2201(j) (defining "Mortgage Business" as including "servicing" mortgage loans); K.S.A. § 9-2209 (describing the Banking Commission's powers to regulate Mortgage Businesses); s*ee also Jones*, 2020 WL 569771, at *6 (taking judicial notice that a mortgage servicer was licensed and regulated by the Kansas Office of the State Bank Commissioner for purposes of the KCPA). Ocwen and PHH, therefore, also fall outside the definition of "supplier" in effect at the time of Plaintiffs' allegations.

Plaintiffs may argue that the subsequent amendment of the KCPA controls the definition of "supplier" in this action. However, the pre-amendment definition of "supplier" will control to the extent Plaintiffs' claims predate July 1, 2019. Changes in the law are not retroactive. *Central Kansas Credit Union v. Mutual Guar. Corp.*, 886 F. Supp. 1529, 1542 (D. Kan. 1995) ("Under Kansas law, a statutory amendment is not given retroactive application 'unless its language clearly indicates that the legislature intends that it operates retrospectively.'"). Here, the amendment to the KCPA states that it "shall take effect and be in force from and after its publication in the statute book." CONSUMER PROTECTION – SCRAP METAL DEALERS, 2019 Kansas Laws Ch. 66 (H.B. 2248); *Jones*, 2020 WL 569771 *6; *Schneider*, 2019 WL

3731909, at *2 (stating that the amendment to the KCPA is prospective only). Therefore, to the extent Plaintiffs' claims concern allegations pre-dating July 1, 2019, the prior definition of "supplier" applies, and Plaintiffs' claims should be dismissed.

### B.  PLAINTIFFS FAIL TO ALLEGE FACTS DEMONSTRATING THAT THEY ARE AGGRIEVED CONSUMERS.

In addition to failing to prove Defendants are "suppliers," Plaintiffs also fail to allege facts demonstrating that they are "aggrieved consumers." To bring a claim under the KCPA, a plaintiff must be a consumer who engaged in a consumer transaction with a supplier. *See Lowe v. Surpas Res. Corp.*, 253 F.Supp.2d 1209, 1236 (D. Kan. 2003) (*citing Limestone Farms v. Deere & Co.*, 29 Kan.App.2d 609, 29 P.3d 457, 461 (Kan.Ct.App.2001)). Furthermore, the supplier's alleged deceptive or unconscionable acts must consequently aggrieve the consumer. *Lowe* at 1227. Only aggrieved consumers may recover money damages. *See* K.S.A. 50–634(a)–(b). An aggrieved consumer is one who suffers loss or injury as a result of a violation of the KCPA. *Finstad v. Washburn University of Topeka*, 845 P.2d 685, 689-90 (Kan. 1993).

Plaintiffs fail to show that they are aggrieved consumers because each of the "deceptive" or "unconscionable acts" Plaintiffs allege did not cause them any loss or injury. In their KCPA claim, Plaintiffs allege Defendants committed deceptive or unconscionable acts by (1) misrepresenting the validity of assignments of Plaintiffs' Mortgage Loan; (2) making misrepresentations to the Kansas State Bank Commissioner; (3) and by filing the satisfactions of mortgage releasing the lien on Plaintiffs' property. Compl. at ¶¶ 108; 111. As a result of these alleged actions, Plaintiffs allege they suffered damages from an alleged cloud on their title in the property and their expenses in investigating and attempting to correct this alleged unlawful conduct. Compl. at ¶ 111.

Plaintiffs' pled facts fail to show they suffered any injury or loss because Plaintiffs concede that they entered into the Mortgage Loan, that the proceeds of that Mortgage Loan were used to purchase property, and that a Mortgage was recorded in the Grant County Register of Deeds. Compl. at ¶¶ 11-12. While Plaintiffs allege errors related to the assignments of this Mortgage, Plaintiffs fail to state how their title to the property could be clouded by a mortgage properly on the property or how they were damaged. *See Levin v. Am. Document Servs., LLC*, 828 F. App'x 788, 791–92 (2d Cir. 2020) (recognizing that borrowers suffer no injury from an allegedly defective assignment). At best, Plaintiffs allege there was ambiguity as to the holder of the Mortgage Loan, not whether or not the Mortgage Loan was a proper lien. *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016) (stating that the assignor, not the homeowner, is the party injured by an improper or fraudulent assignment). The Mortgage Loan was outstanding prior to Plaintiffs' payoff and therefore, Plaintiffs fail to show any cloud on their title, much less any injury or loss resulting from that cloud.

Plaintiffs also cannot show they were aggrieved by any communications to the Kansas State Bank Commissioner. In the Complaint, Plaintiffs allege that Defendants made representations to the Kansas State Bank Commissioner regarding the satisfactions of mortgage submitted to the register of deeds. Compl. at ¶ 82; 108. However, a Plaintiff is not aggrieved if they did not rely on the alleged statement, or were not damaged. *Finstad v. Washburn University of Topeka*, 845 P.2d 685, 691 (Kan. 1993). Here, Plaintiffs plead no facts demonstrating that they were even aware of PHH's communications to the Kansas State Banking Commissioner regarding the satisfactions of mortgage, much less that they relied on those statements. To the contrary, the fact that Plaintiffs bring slander of title claims alleging errors in the satisfactions of mortgage demonstrates they *did not* rely on Defendants statements, regardless of whether those

statements were true. *See* Compl. at ¶¶ 123-126. Plaintiffs, therefore, are not aggrieved consumers with respect to any statements made to the State Banking Commissioner.

Finally, Plaintiffs are not aggrieved consumers with respect to the satisfactions of mortgage submitted by Defendants. First, as Plaintiffs concede, the initial satisfaction of mortgage executed by Lisa Spurbeck was rejected by the Grant County Register of Deeds and was never part of the public record. Compl at ¶ 68. Plaintiffs suffered no harm from an allegedly inaccurate satisfaction of mortgage that was never recorded or otherwise publicly available. Second, while a separate satisfaction of mortgage was recorded by the Grant County Register of Deeds, Plaintiffs do not allege any inaccuracy in the substance of the satisfaction, only the mechanics of its generation or execution. *See* Comp. ¶¶ 78-79. Plaintiffs do not allege they suffered any harm from a recorded satisfaction of mortgage correctly stating that the Mortgage Loan is paid off, and the lien on the property is released. Plaintiffs, therefore, fail to demonstrate they are aggrieved consumers under the KCPA, and their claims should be dismissed.

## IV. ASSIGNMENTS OF MORTGAGE RECORDED IN THE REGISTER OF DEEDS FAIL TO SUPPORT ANY FRAUD CLAIM (ADDRESSING COUNT IV).

Plaintiffs' fraud and fraud by silence claims fail because they are premised on a misstatement of Kansas law. Whether or not an assignment of mortgage is recorded, or even executed, is irrelevant to whether or not a party has a right to enforce the debt under Kansas law. Plaintiffs cannot establish essential elements of their fraud and fraud by silence claims and therefore, their claims must be dismissed.

### A. PLAINTIFFS FAIL TO PLEAD FRAUD WITH PARTICULARITY.

As a threshold matter, Plaintiffs fail to plead fraud with particularity. The purpose of Rule 9 is "to afford defendant[s] fair notice of plaintiff's claims and the factual ground upon which [they] are based." *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th

Cir. 2010). To state fraud with particularity, a party must plead the "who, what, when, where and how of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Lacy v. New Horizons, Inc.*, 348 Fed. Appx. 421, 424 (10th Cir. 2009).

Here, Plaintiffs' fraud claim fails to describe what alleged error or inaccuracy they alleged existed in the assignments of record when they contacted Ocwen. In the Complaint, Plaintiffs merely allege that they "raised questions regarding the accuracy of the various assignments of record and Ocwen's claimed legal authority to act as servicer thereof" and that Ocwen provided a response stating that those concerns were "without merit." *See* Compl. at ¶ 29; 34. Plaintiffs, however, fail to sufficiently describe the contents of Plaintiffs' "concerns" and Ocwen's response in order to particularly describe the alleged fraud. Compl. at ¶ 29. Without describing the specific "concerns" that Plaintiffs expressed, Defendants are not on fair notice of how its alleged response that these concerns were "without merit" defrauded Plaintiffs. While Plaintiff alleges that there was a "cloudy title issue" or a missing assignment, Plaintiffs notably do not expressly allege that their "concerns" expressed to Ocwen involved this alleged missing assignment or "cloudy title issue."  *See* Compl. at ¶ 29. Instead of merely alleging they expressed "concerns" related to the accuracy and legitimacy of the assignments of record, pleading fraud with particularity requires Plaintiffs to actually describe the concerns Plaintiff expressed and how Defendants' response misled them. Plaintiffs' fraud claims, therefore, should be dismissed.

## B. RECORDED ASSIGNMENTS PROVIDE NOTICE TO THIRD PARTIES AND ARE IRRELEVANT TO THE ENFORCEABILITY OF THE MORTGAGE.

Plaintiffs' fraud claim also fails because they cannot show any statement made by Defendants regarding the assignments of mortgage recorded in the register of deeds were false or that they were harmed in relying on these alleged statements. In order to state a claim for fraud, a

Plaintiff must demonstrate by clear and convincing evidence that "(1) the defendant made a false statement concerning an existing and material fact; (2) the defendant knew the statement was false or recklessly made the statement without knowing its validity; (3) the defendant intentionally made the statement for the purpose of inducing the plaintiff to act upon it; (4) the plaintiff reasonably relied and acted upon the defendant's statement; and (5) the plaintiff sustained damage from relying on the statement." *Raynor Mfg. Co. v. Raynor Door Co.*, 225 P.3d 780 (Kan. Ct. App. 2010). Here, Plaintiffs fail to allege any false statement that Plaintiffs relied on, or any damage resulting from any statement, because recorded assignments of mortgage merely provide notice of an interest in real property to third parties and do not affect any rights or obligations between the parties of loan documents.

Plaintiffs' fraud claims fail because assignments of the mortgage are irrelevant to determining which party has the right to enforce the loan documents. Under Kansas law, "[t]he assignment and delivery of a negotiable promissory note before maturity operates as an assignment of a mortgage given for the payment of the note." *FV-I, Inc. for Morgan Stanley Mortg. Cap. Holdings, LLC v. Kallevig*, 306 Kan. 204, 225, 392 P.3d 1248, 1263 (2017) (*quoting Middlekauff v. Bell*, 2017 P. 184, 185 (Kan. 1922)). Since "[a]n assignment of a mortgage is merely a formal transfer of title to the instrument . . .," it is not necessary to transfer ownership of the mortgage. *FV-I, Inc.*, 306 Kan. at 225. Here, Plaintiffs fail to show that Ocwen made any false statement because a recorded assignment is unnecessary in order to transfer a mortgage. Instead, by operation of Kansas law, the Mortgage follows any transfer of the associated promissory note. Given that transfer of a mortgage can be effected by transfer of the associated promissory note alone, Plaintiffs cannot show that their alleged "concerns" regarding the accuracy of the assignments of mortgage have merit.

### C. PLAINTIFFS' FRAUD BY SILENCE CLAIM FAILS BECAUSE FINANCIAL INSTITUTIONS OWE NO SPECIAL DUTY TO SPEAK TO BORROWERS.

To state a claim for fraud by silence, a plaintiff must show (1) the defendant had knowledge of a material fact which a plaintiff did not have and that the plaintiff could not have discovered by the exercise of reasonable diligence; (2) that defendant was under an obligation to tell the material fact to plaintiff; (3) that defendant intentionally failed to tell plaintiff the material fact; (4) that the plaintiff justifiably relied on the defendant to communicate this fact to plaintiff; and (5) that plaintiff sustained damages as a result of the defendants' alleged failure to communicate the material fact to plaintiff. *Raynor Mfg. Co. v. Raynor Door Co.*, 225 P.3d 780 (Kan. Ct. App. 2010). Here, Plaintiffs' fraud by silence claim fails because Plaintiffs fail to demonstrate that any Defendant owed them an obligation to disclose information and because the information Plaintiffs sought was a matter of public record.

Plaintiffs summarily plead that Defendants were under an obligation to provide Plaintiffs information about the mortgage assignments, they allege no facts establishing this obligation. *See* Compl. at ¶ 118. This threadbare accusation fails because in Kansas, lenders and borrowers generally have no special relationship. *Boyd v. U.S. Bank Nat'l Ass'n.*, No. 06-2115-KGS, 2007 WL 2822518 at *15 (D. Kan. Sept. 26, 2007). This general rule applies unless the Plaintiff can show the there was a conflict of interest or fraud sufficient to create a fiduciary relationship between the parties. *See Daniels v. Army Nat. Bank*, 249 Kan. 654, 657, 822 P.2d 39, 42 (Kan. 1991). Plaintiffs do not allege any facts demonstrating there was any special relationship between any Defendant and Plaintiffs. To the extent the Plaintiffs allege the Court should find a special relationship exists because of Defendants' alleged fraud, Plaintiffs claim fails because their fraud claim is meritless, as discussed more fully in Section IV(B) *supra*. Plaintiffs,

therefore, fail to establish any special relationship with any Defendant sufficient to state a fraud by silence claim.

Plaintiffs' fraud by silence claim also fails because the mortgage assignments at issue were recorded in the register of deeds and therefore, were public record. A fraud by silence claim fails when the facts that were allegedly concealed are a matter of public record or readily available if a reasonable effort was made to ascertain them. *Denison State Bank v. Madeira*, 230 Kan. 684, 696, 640 P.2d 1235, 1243 (1982). This includes when the information allegedly concealed can be found in a recording in the register of deeds. *See id.* (stating that the information a bank allegedly concealed was available to the public in a financing statement recorded in the Register of Deeds). Here, Plaintiffs' fraud claim concerns the "assignments of record" contained in the Grant County Register of Deeds. Compl. at ¶¶ 29; 114. As Plaintiffs' Complaint acknowledges, each of these assignments are public records once recorded. Compl. at ¶¶ 13-17. The information Plaintiffs sought which was allegedly fraudulently concealed from them was a matter of public record; therefore, Plaintiffs' fraud by silence claims fail.

### D. BORROWERS LACK STANDING TO CHALLENGE MORTGAGE LOAN ASSIGNMENTS.

Any facts that Defendants failed to tell Plaintiff concerning the assignments of their mortgage loan were not material, and Plaintiffs cannot show they were damaged by any statement or omission concerning the assignments, because Plaintiffs lack standing to challenge assignments of their mortgage loan.

This Court has held that borrowers lack standing to challenge an assignment of a mortgage if the alleged defect would only render the assignment voidable. *See UniCredit Bank AG, New York Branch v. Deborah R. Eastman, Inc.*, No. 12-2249-JTM, 2013 WL 237810, at *7 (D. Kan. Jan. 22, 2013); *Spreitzer v. Deutsche Bank Nat. Tr. Co.*, 610 F. App'x 737, 742 (10th

Cir. 2015). This is in accord with other courts throughout the county holding that borrowers cannot challenge assignments of their mortgage loan because they are not parties to, or third-party beneficiaries of, the assignments at issue. *Levin v. Am. Document Servs., LLC*, 828 F. App'x 788, 791–92 (2d Cir. 2020); *Connolly v. Deutsche Bank Nat. Tr. Co.*, 581 F. App'x 500, 507–08 (6th Cir. 2014); *Ames v. J.P. Morgan Chase Bank, N.A.*, 623 F. App'x 983, 986–87 (11th Cir. 2015). Further, borrowers do not suffer any injury from an allegedly defective assignment. *Levin*, 828 F. App'x at 791 (noting the borrowers suffered no injury when they did not dispute they took out the mortgage loan and were obligated to repay it); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016). This is because an assignment of a mortgage loan has no effect on whether the borrower owes their obligations, but only to whom the borrower is obligated. *UniCredit*, 2013 WL 237810, at *7. The assignor, not the homeowner, is the party injured by an improper or fraudulent assignment. *Brown*, 820 F.3d at 372.

Here, Plaintiffs allege they raised concerns regarding the accuracy and legitimacy of the assignments of record of their mortgage loan and that Ocwen misled them as to the validity of their concerns. Compl. ¶¶ 114-115. However, Plaintiffs admit that they entered into the mortgage loan at issue. Compl. at ¶ 11. Plaintiffs do not, and cannot, allege that they were parties to the loan assignments at issue, that they had any rights as third party beneficiaries of those assignments, or that they suffered any injury from any error in these assignments.  To the extent Plaintiffs allege facts demonstrating the assignments at issue are void, instead of voidable, Plaintiffs' claims fail because they do not allege any recognized grounds for finding an assignment void. *See UniCredit*, 2013 WL 237810, at *7 (stating in *dicta* that the non-assignability of the right at issue may render a transfer absolutely invalid); *Connolly*, 581 F. App'x at 507–08 (noting that the "nonassignability of the instrument, assignee's lack of title, and

a prior revocation of the agreement" may render an assignment void). Plaintiffs' claims do not raise any allegation that the mortgage loan was not assignable, that the parties to the assignment did not have title, or that any prior agreement was revoked. Plaintiffs, therefore, lack standing to challenge the assignments of the mortgage loan and cannot establish that any information about these assignments was material, or that they suffered damage from any statement or omission concerning those assignments.

### E.  THE STATUTE OF LIMITATIONS BARS PLAINTIFFS' FRAUD CLAIMS.

Finally, Plaintiffs' fraud and fraud by silence claims should be dismissed because they are barred by the statute of limitations. Under Kansas law, a claim for fraud must be brought within two years, but the cause of action does not accrue until the fraud is discovered. K.S.A. § 60-513(a)(3). Kansas courts have interpreted this to mean the statute of limitations begins when the "defrauded party possesses actual or constructive knowledge of the fraud or when, with reasonable diligence, the fraud could have been discovered." *Bonura v. Sifers*, 39 Kan. App. 2d 617, 630, 181 P.3d 1277, 1286 (2008), *citing Miller v. Foulston, Siefkin, Powers & Eberhardt,* 246 Kan. 450, 465, 790 P.2d 404 (1990).

Here, as stated above, the assignments of mortgage at issue were recorded in the Grant County Register of Deeds and were of public record. Compl. at ¶¶ 13-17. Further, while Plaintiff alleges that Ocwen "took affirmative steps to create and execute an assignment" to transfer the Mortgage to BONY on May 26, 2017, Plaintiffs admit that assignment to BONY is of record in the Register of Deeds. Compl. at ¶¶ 16-17. Plaintiffs fail to allege any facts demonstrating that any information identified in their Complaint was not be discoverable from the public filings in the Grant County Register of Deeds. Plaintiffs' fraud and fraud by silence claims, therefore, are barred by the statute of limitations because the information was available to Plaintiffs through the exercise of reasonable diligence, and the claims should be dismissed.

**V. PLAINTIFFS' SLANDER OF TITLE CLAIM FAILS BECAUSE THE SATISFACTIONS OF MORTGAGE SUBMITTED BY DEFENDANTS CORRECTLY STATED THE LIEN WAS RELEASED AND DID NOT DISPARAGE PLAINTIFFS' TITLE (ADDRESSING COUNT V).**

Plaintiffs' slander of title claim fails because ultimately, neither satisfaction of mortgage submitted by Defendants disparaged Plaintiffs' title. To prevail on a slander of title claim, a plaintiff must establish a false and malicious statement that is made in disparagement of a person's title in personal or real property and that causes that person injury. *Saddlewood Downs, L.L.C. v. Holland Corp.*, 33 Kan. App. 2d 185, 198, 99 P.3d 640, 649 (2004). Here, Plaintiffs fail to establish that either satisfaction of mortgage contained any false statement that disparaged their title, and fail to establish any injury.

**A. A SATISFACTION OF MORTGAGE THAT CORRECTLY STATES THAT A MORTGAGE IS PAID OFF CANNOT SLANDER A BORROWER'S TITLE.**

Plaintiffs' slander of title claim fails because Plaintiffs do not, and cannot, allege either of the satisfactions of mortgage contain a false statement that disparages their title. Plaintiffs allege that Defendants slandered their title through two Satisfactions of Mortgage that were submitted to the register of deeds office. Compl. at ¶ 123. However, the errors Plaintiffs allege in the satisfactions of mortgage concern the identities of the persons executing the satisfactions of mortgage, not that any information contained in the satisfactions of mortgage slander their title.

Plaintiffs first reference the Bank One Satisfaction executed by Lisa Spurbeck on behalf of Bank One, National Association f/k/a The First National Bank of Chicago as Trustee by PHH Mortgage Corporation Successor by Merger to Ocwen Loan Servicing, LLC Successor in Interest to Ocwen Federal Bank FSB (the "Bank One Satisfaction").[5] Compl. at ¶ 66. Plaintiffs allege that Ms. Spurbeck is a "suspect actor" and that the satisfaction of mortgage was rejected

---

[5] A true and accurate copy of the Bank One Satisfaction is attached as Exhibit A. Documents referred to in the complaint and central to the plaintiff's claim may be considered on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

because BONY held the note, not Bank One. Compl. at ¶ 67. Next, Plaintiffs allege that a second satisfaction of mortgage was submitted by PHH that was executed by Chris Johnson on behalf of BONY by its attorney in fact, Ocwen Loan Servicing LLC (the "BONY Satisfaction"). [6] Compl. at ¶ 78. In alleging an error in the BONY Satisfaction, Plaintiffs allege that the satisfaction states that it was executed in Minnesota and the Bank of New York Mellon does not have corporate offices in Minnesota and that they contacted a "Chris Johnson" with the Bank of New York Mellon who stated he had not signed the BONY Satisfaction. Compl. at ¶¶ 79-80. Plaintiffs make these allegations despite conceding that the BONY Satisfaction states it was executed *on behalf of PHH*, not the Bank of New York Mellon. *See* Compl. at ¶¶ 78.

Plaintiffs' chief complaint with respect to the Bank One Satisfaction and the BONY Satisfaction concern the persons executing the satisfactions of mortgage, not any statement within those satisfactions. None of the errors Plaintiffs allege in the Bank One Satisfaction or BONY Satisfaction reference Plaintiffs' title in their property at all, much less disparage their title. Both the Bank One Satisfaction and BONY Satisfaction correctly state that Plaintiffs' mortgage is fully paid and satisfied. Exhibit A at p. 1; Exhibit B at p. 1.  Plaintiffs' attempts to manufacture a cloud on their title fail in light of the plain language of the Bank One Satisfaction and BONY Satisfaction. Plaintiffs' slander of title claims, therefore, fail.

### B.  AN UNRECORDED SATISFACTION OF MORTGAGE AND A SATISFACTION OF MORTGAGE THAT ACCURATELY STATES A LOAN IS PAID OFF CANNOT CAUSE A PROPERTY OWNER ACTUAL DAMAGES.

In addition to failing to demonstrate any Defendant made a false statement in disparagement of their title, Plaintiffs also fail to demonstrate they suffered any actual damages as a result of any statement in the Bank One Satisfaction or BONY Satisfaction. A slander of title claim requires that a plaintiff show actual damage caused by the publication of

---

[6]        A true and accurate copy of the BONY Satisfaction is attached as Exhibit B.

the alleged statement. *See Clemmons v. Mortg. Elec. Registration Sys., Inc.*, No. 13-3204, 2014 WL 12013437, at *3 (10th Cir. Nov. 12, 2014) (interpreting Kansas law). "A plaintiff has suffered sufficient injury when he suffers actual economic harm." *S. Star Cent. Gas Pipeline, Inc. v. Cline*, 754 F. Supp. 2d 1257, 1266 (D. Kan. 2010).

Here, Plaintiffs could not have suffered any actual damage from the publication of the Bank One Satisfaction because it was never recorded and never published to the public. As Plaintiffs admit in their Complaint, the Bank One Satisfaction was rejected by the register of deeds and never recorded. Compl. at ¶ 68. Plaintiffs cannot be damaged by statements contained in an unrecorded document because that document was never available to the public, and will not appear in any search of the register of deeds. Plaintiffs, therefore, fail to establish they suffered any actual damage from any statement in the Bank One Satisfaction.

Plaintiffs also fail to demonstrate how any of their alleged damages resulted from either the Bank One Satisfaction or the BONY Satisfaction. Plaintiffs allege they suffered damages from a lost opportunity to resell their home, for mental anguish and their legal expenses. Compl. at ¶ 125. Plaintiffs, however, fail to explain how a satisfaction of mortgage that correctly states the mortgage was paid in full would dissuade any potential purchaser or would cause any reasonable person mental anguish. Instead, any damages Plaintiffs' allege they may suffer would come from *their own disparagement* of their title through the allegations in the Complaint. Plaintiffs, therefore, fail to allege any actual damages suffered as a result of the Bank One Satisfaction or the BONY Satisfaction.

## CONCLUSION

Plaintiffs' claims in this matter are unusual in that they, the mortgage borrowers, allege a lien exists on their property (despite the BONY Satisfaction releasing the lien on the property)

while Defendants, the loan servicer and owner of the Mortgage Loan, assert no lien exists on the property. However, the facts asserted by Plaintiff demonstrate that Plaintiffs paid off their Mortgage Loan and, while the first satisfaction of mortgage named a prior mortgage holder and was rejected by the Register of Deeds, Defendants promptly submitted a Satisfaction of Mortgage in the name of the current mortgage holder releasing the lien on Plaintiffs' property. Plaintiffs' claims in the Complaint fail because they failed to provide any written request to Defendants under the statutory provisions of RESPA and TILA, mistakenly focus on assignments of mortgage when Kansas law holds that a mortgage follows transfer of the associated promissory note, and argue Defendants slandered their title through their submission of a release of the lien on Plaintiffs' property. Plaintiffs' unique legal theories and alleged facts state no claim under applicable law and therefore, the Complaint should be dismissed.

**KUTAK ROCK LLP**

By: */s/ Justin M. Nichols*
Justin M. Nichols, KS# 21902
Isaac W. Straub, KS#28430
2300 Main Street, Suite 800
Kansas City, MO 64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
Justin.Nichols@KutakRock.com
Isaac.Straub@KutakRock.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to counsel of record.

*/s/ Justin M. Nichols*
Attorney for Defendants